**HIGHLAND TOWN SCHOOL COR-
PORATION a/k/a School Town of
Highland, Appellant–Respondent,**

v.

**REVIEW BOARD OF the INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT, Appellee,**

and

**Dan J. Candiano, Jr., Appellee–
Claimant.**

No. 93A02–0801–EX–89.

Court of Appeals of Indiana.

July 8, 2008.

Publication Ordered July 30, 2008.

Rhett L. Tauber, Tara K. Tauber, Tauber Westland & Bennett P.C., Schererville, IN, Attorneys for Appellant.

Kevin E. Werner, Crown Point, IN, Attorney for Appellee Dan J. Candiano, Jr.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Review Board of Indiana Workforce Development.

## OPINION

BAKER, Chief Judge.

Appellant-respondent Highland Town School Corporation a/k/a School Town of Highland (Highland) appeals the order of the Department of Workforce Development Review Board (the Board) granting appellee-claimant Dan J. Candiano, Jr.'s, petition for unemployment compensation benefits. Highland contends that the Board erroneously concluded that the Administrative Law Judge (ALJ) impermissibly relied on hearsay evidence in denying Candiano's petition. Finding that Candiano failed to make proper objections to the alleged hearsay evidence, we reverse and remand with instructions that the Board enter judgment in favor of Highland.

### FACTS

In 2003, Highland hired Candiano as the Director of Athletics. Highland and Candiano executed a three-year employment contract with a term that began on July 1, 2004, and ended on June 30, 2007. Throughout the course of Candiano's employment with Highland, Highland High School principal James F. Conway communicated with Candiano regarding Highland's goals for and expectations of the Director of Athletics. Conway periodically completed performance evaluations of Candiano and documented instances of Candiano's alleged failures to meet those goals and expectations. In 2006, Conway issued written warnings regarding those alleged failures.

On January 15, 2007, Highland notified Candiano that at the upcoming Board of Trustees meeting on February 20, 2007, the Board would consider the cancellation of his contract. Candiano did not attend the meeting, at which the Board voted not to renew his contract after it expired on June 30, 2007. He did not appeal the Board's decision, and his contract was cancelled upon its June 30, 2007 expiration.

At some point, Candiano filed a claim for unemployment compensation benefits with the Indiana Department of Workforce Development. On July 23, 2007, a claims deputy determined that Candiano was discharged for just cause and, therefore, not

entitled to benefits. Candiano appealed, and on October 19, 2007, the ALJ affirmed the claims deputy's determination. Candiano appealed the ALJ's decision to the Board, which—based solely on a paper record—reversed on November 15, 2007, finding that the ALJ had relied on impermissible hearsay evidence, that Candiano was not dismissed for just cause and, therefore, that he is entitled to unemployment compensation benefits. Highland now appeals.

### DISCUSSION AND DECISION

As we consider Highland's argument that the Board erred as a matter of law by concluding that the ALJ relied on impermissible hearsay evidence, we note that we apply a de novo standard of review to questions of law and will not defer to the Board's legal conclusions. *Miller v. Ind. Dep't of Workforce Dev.*, 878 N.E.2d 346, 354 (Ind.Ct.App.2007).

Here, the Board explained the ALJ's error as follows:

[Highland's] witness at the [ALJ] hearing was its Director of Personnel. [Highland] presented no direct witnesses to the alleged misconduct. In lieu of presenting witnesses to the alleged misconduct, [Highland] introduced into evidence memoranda addressed to [Candiano] by the high school principal, to which [Candiano] objected. Employer Exhibits 2–4, 6, 8, 10–12.

The [ALJ] made findings based on the information contained in the memoranda to which [Candiano] objected. The [ALJ] determined that [Candiano] "refused to obey the instructions given to him by the principal on numerous occasions." In the absence of any corroborative, non-hearsay evidence, the [ALJ] relied entirely upon objected to hearsay in reaching her decision.

Appellant's App. p. 1 (footnotes omitted). Finding that Highland had "presented no direct evidence of any misconduct" aside from the problematic exhibits, the Board reversed the ALJ's determination. *Id.* at 2.

The initial question we must answer is whether Candiano—who appeared pro se before the ALJ—raised proper objections to the exhibits at issue. Hearsay may not be the sole basis of a decision at a hearing before an ALJ if properly objected to at the hearing and preserved on review. *Forster v. Rev. Bd. of Ind. Emp. Sec. Div.*, 420 N.E.2d 1287, 1291 (Ind.Ct.App.1981). If the claimant did not object to the hearsay, however, then the ALJ may properly consider the evidence in reaching its decision. *Id.*

Here, the following discussions occurred between the ALJ and Candiano as the ALJ considered whether to admit the exhibits at issue:

ALJ: Okay. Does the claimant have any objection to Exhibit Two?

Candiano: I, I don't see what the purpose is. There was a, um . . .

ALJ: The claimant has an objection about relevancy. Could you lay a foundation as to why we're looking at something from 2005?

\* \* \*

ALJ: Do you have an objection to Exhibit Two?

Candiano: Yeah, I, I still have an objection. Number one, many of those things I have never seen, so they're being submitted for the purpose of . . .

ALJ: I'm just interested in this particular item. Did you . . .

Candiano: I . . .

ALJ: . . . get this before?

Candiano: . . . I never seen that. Uh, second, I'd also . . .

\* \* \*

ALJ: And I'll show Exhibit Two received over the claimant's objection. . . .

Candiano: Can I make one more objection, please?

ALJ: Sure.

Candiano: See, the people who are in this room had no validation. . . . So all you have here is paper with merely a person shuffling paper and two attorneys. So, I, I just want to state that there really is none of these things you won't see my signature on one piece of article here.

\* \* \*

ALJ: Any objection to this memo, Exhibit Three?

Candiano: Once again, if I read the documents . . . I was supposed to presented with this long before we sit here. I wasn't given prior opportunity to oppose. . . .

\* \* \*

ALJ: Now, do you have any [further] objection to Exhibit Three because we need to move along?

Candiano: No, that's. . . .

\* \* \*

ALJ: I'll show Exhibit Three received. . . .

\* \* \*

Candiano: [Responding to proffered Exhibit Four,] Once again, um, there's no signature that I had received or any notification.

ALJ: Okay, I'll show Exhibit Four received over the claimant's objection.

\* \* \*

ALJ: Any objection to Exhibit Six?

Claimant: Um, Your Honor, I will object to anything that doesn't have my signature.

ALJ: All right then I'll show Exhibit Six received over the claimant's objection. . . .

\* \* \*

ALJ: Okay, any objection to Exhibit Eight?

\* \* \*

Candiano: Yeah, I would, uh, like to mention the fact that Mr. Candiano had already been informed of his contract, will not re . . . renew him. Those are all ex-post facto.

ALJ: All right, I'll show Exhibit Eight received then at this time. . . .

\* \* \*

ALJ: Do you have any objection to [Exhibit Ten]?

Candiano: Yeah, I never saw that.

ALJ: Okay. I'll show Exhibit Ten received for the employer. . . .

\* \* \*

ALJ: Any objection to Exhibit Eleven?

Candiano: Yeah, there's no signature on there.

ALJ: Okay, I'll show Exhibit Eleven received over the claimant's objection.

\* \* \*

ALJ: Okay, any objection to Exhibit Twelve?

Candiano: Yes, I didn't sign it either. Also . . .

ALJ: I'll show . . .

Candiano: . . . it's a [inaudible] post facto, another one after the fact.

ALJ: I'll show Exhibit Twelve received over the claimant's objection.

Appellant's App. p. 13–19.

■ Hearings before an ALJ are informal proceedings designed to determine the substantial rights of the parties. Ind. Admin. Code tit. 646, r. 3–12–3(b) (2008). "Although general rules of procedure apply at such hearings, they do not apply 'to an extent as to . . . jeopardize the rights of any interested party.'" *Miller*, 878 N.E.2d at 353 (quoting 646 IAC 3–12–3(b)). In *Miller*, the claimant had been employed by UPS and was involved in a work-related vehicular accident. Subsequently, he was discharged from his employment and filed a claim for unemployment compensation benefits. Miller, who appeared pro se at the hearing before the ALJ, became confused when questioned about the accident because he had been under the impression that the hearing would be about his job search, not about the accident or whether he had been fired for just cause. 878 N.E.2d at 350. The ALJ found in UPS's favor and the Board affirmed. On appeal, Miller argued that he was denied due process because he was not given adequate notice of the issues to be addressed at the hearing. In considering UPS's argument that Miller had waived the issue by failing to make a proper objection before the ALJ, this court found that

Miller's statements at the hearing sufficiently notified the ALJ of his lack of notice. . . . Although Miller may not have formally objected to the proceeding, he *clearly indicated* that he was not aware that whether he was discharged for just cause would be addressed at the hearing. Moreover, we point out that when a party is unrepresented by counsel before an ALJ, the ALJ has a duty to "examine the party's witnesses . . . in order to ensure complete presentation of

the case." [646 IAC 3–12–3(b).] We conclude that in the context of a hearing before an ALJ, Miller's statements regarding lack of adequate notice were sufficient to preserve the issue.

*Id.* at 353 (emphasis added).

■ It is certainly true that proceedings before an ALJ are of a more informal nature than those in a court of law, and it is likewise true that parties who proceed pro se are afforded more leeway in an administrative context than in a judicial one. Thus, Candiano was not required to voice his objections to the documents in legal terms; indeed, the mere fact that he did not utter the word "hearsay" would not, alone, render his objections insufficient. It was, however, incumbent upon him to clearly indicate the substantive basis of his objections.

■ As set forth above, however, Candiano's only cogent objections were based on the facts that he had not signed many of the exhibits and that he had not received the documents before the hearing. Unlike in *Miller*, therefore, Candiano's objections did not clearly indicate to the ALJ that he was objecting to the documents because they constituted hearsay. Had he objected to the fact that Conway was not present at the hearing to testify about the information in the documents, that would likely have sufficed, but he did not do so. The ALJ is not required to brainstorm about every possible legal theory that might be available to a pro se claimant. Under these circumstances, we find that Candiano did not raise a sufficient objection to the exhibits at issue to have preserved a hearsay argument before the Board or on appeal. Consequently, the Board erred as a matter of law by finding that the exhibits were improper hearsay. Inasmuch as the sole ground for its reversal of the ALJ was the fact that the ALJ had considered hear-

say evidence in arriving at the ultimate conclusion, we must reverse.

The judgment of the Board is reversed and remanded with instructions to enter judgment in favor of Highland.

RILEY, J., and ROBB, J., concur.

### ORDER

On July 8, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Memorandum Decision is Granted and this Court's opinion heretofore handed down in this cause on July 8, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

Baker, C.J., Riley Robb, JJ., concur.