Carla CUNNINGHAM, Appellant–Petitioner,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Central Indiana Regional Blood Center, Appellees–Respondents.

No. 93A02–0902–EX–188.

Court of Appeals of Indiana.

June 18, 2009.

Publication Ordered Aug. 19, 2009.

Carla Cunningham, Indianapolis, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Carla Cunningham appeals the decision of the Indiana Unemployment Insurance Review Board (Review Board) dismissing her appeal as untimely. Finding no error, we affirm.

### FACTS

On October 14, 2008, Cunningham's employment with the Indiana Blood Center (Employer) was terminated. On November 21, 2008, Cunningham filed a discrimination complaint against Employer with the Marion County/City of Indianapolis Office of Equal Opportunity (IMEO).

Sometime between October 14, 2008, and December 12, 2008, Cunningham applied for unemployment benefits with the Indiana Department of Workforce Development (DWD). The DWD claims deputy denied Cunningham's application, concluding that she had been terminated for just cause. On December 12, 2008, a letter was sent to Cunningham informing her of this decision and explaining that the claims deputy's determination would become final on December 22, 2008, if it was not appealed within ten days from the date that the letter had been mailed.

On January 12, 2009, the IMEO sent Cunningham a proposed Conciliation Agreement, providing, in part, that Employer would "cease any further contestation or interference with [Cunningham's] attempt to receive Unemployment Benefits." Appellant's App. p. 11. In ex-

change, Cunningham would agree "to withdraw her Complaint against [Employer] pending before the IMEO." *Id.* at 12.

On January 14, 2009, Cunningham filed an appeal with the Appeals Division of the DWD, (Appeals Division), challenging the claims deputy's determination that she was ineligible for unemployment benefits and requesting a hearing before an Administrative Law Judge, (ALJ). On February 9, 2009, the ALJ, without a hearing, dismissed the appeal as untimely because it had not been filed within thirteen days as required by statute.

On February 16, 2009, Cunningham appealed the ALJ's decision to the Review Board, arguing that during the process of filing for unemployment benefits, she had an outstanding claim against Employer through the IMEO. Thus, Cunningham alleged that her claim for unemployment benefits should be allowed to proceed. Cunningham attached a copy of the Conciliation Agreement with her appeal to the Review Board.[1]

On February 23, 2009, the Review Board affirmed the decision of the ALJ dismissing Cunningham's appeal as untimely, stating, in part, that "[n]o hearing was held by the Review Board, and no additional evidence was accepted." *Id.* at 33. Cunningham appeals pro se.

## DISCUSSION AND DECISION

Cunningham argues that the Review Board erred when it affirmed the decision

of the ALJ dismissing her appeal as untimely. Cunningham contends that her appeal was timely filed by fax on December 24, 2008, and submits a fax transmission log to support this contention.

The State counters that Cunningham neither made this argument, nor provided the fax transmission log to the Review Board. Thus, the State argues that Cunningham has waived this argument on appeal.

■ Our Supreme Court has held that a party who fails to raise an issue before an administrative body has waived the issue on appeal. *See Nat'l Rural Utils. Coop. Fin. Corp. v. Pub. Serv. Comm'n of Ind.,* 552 N.E.2d 23, 28 (Ind.1990) (concluding that the "Appellants ... are precluded from claiming entitlement to the statute's protections because they waived the issue by not raising it before the commission").

■ Here, in her appeal to the Review Board, Cunningham indicated that she was "appealing the decision for my unemployment benefits due to the fact that during [the] process of filing for unemployment, [she] had a claim against [her] employer through the EEOC." [2] Appellee's App. p. 1. Attached to this letter was the Conciliation Agreement arising from Cunningham's discrimination complaint with the IMEO. It was not until Cunningham appealed to this court that she argued that her appeal was timely filed on December 24, 2008, and submitted a fax transmission log[3] to sup-

---

1. The Conciliation Agreement appears to have been formally entered by Cunningham and Employer on January 22, 2009.

2. From the Conciliation Agreement supplied by Cunningham, it appears that Cunningham brought her discrimination complaint to the IMEO and not the Equal Employment Opportunity Commission.

3. There is some confusion surrounding the fax transmission log. On February 25, 2009,

Cunningham notified the Review Board that she was appealing its decision to this court. Attached to this notice was a fax transmission log dated November 11, 2008. The Review Board stamped the notice and fax transmission log as "RECEIVED" on February 25, 2009. Appellee's App. p. 12–13. In the Appellant's Appendix, Cunningham included a fax transmission log dated December 24, 2008, which she alleges proves that she timely filed an appeal to the Appeals Division of the

port this assertion. Had Cunningham raised this issue and submitted the fax transmission log to the Review Board, it would have considered this additional evidence even though it had not been presented to the ALJ. *See Ritcheson–Dick v. Unemployment Ins. Review Bd.,* 881 N.E.2d 54, 57 (Ind.Ct.App.2008) (holding that when a party alleges to the Review Board that her appeal was timely filed and shows good cause why evidence was not presented to the ALJ, that party must be given an opportunity to present evidence on the issue before her appeal can be summarily dismissed). Although those "who proceed pro se are afforded more leeway in an administrative context than in a judicial one," an administrative body "is not required to brainstorm about every possible legal theory that might be available to a pro se claimant." *Highland Town Sch. Corp. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 892 N.E.2d 652, 656 (Ind.Ct.App.2008). Consequently, Cunningham has waived this argument.

█ Proceeding to the argument that was made to the Review Board, we note that a Review Board's determination that an appeal was untimely filed is a legal conclusion. *Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.,* 891 N.E.2d 1051, 1054 (Ind.Ct.App.2008). Therefore, this court will "examine[ ] the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." *Id.* at 53. We will affirm the Review Board if there is substantial evidence to support its findings

and its decision is reasonable in light of its findings. *Id.* Under the substantial evidence standard of review, we neither reweigh the evidence nor assess witness credibility, but will consider only the evidence most favorable to the Review Board's findings. *Id.*

In the instant case, the Review Board adopted and incorporated the ALJ's findings of fact and conclusion of law. In its findings of fact, the ALJ concluded that:

> [o]n Wednesday, January 14, 2009, the Claimant ... attempted to file an appeal of a Determination of Eligibility issued by IDWD on Friday, December 12, 2008. It is apparent from the face of the Determination/Appeal that the appeal was not filed within the statutory thirteen (13) day time period for timely appeal.

Appellant's App. p. 18. In its conclusion of law, the ALJ determined that Cunningham's appeal was untimely because under Indiana law, she had thirteen days to appeal her eligibility determination and failed to appeal within that time.

Generally, claimants have ten days from the date that their eligibility notice is delivered to request a hearing before the eligibility determination becomes final and "benefits shall be paid or denied in accordance therewith." Ind.Code § 22–4–17–2(e). In addition, Indiana Code section 22–4–17–14 provides that claimants have three additional days if their "notice is served through the United States mail."

---

denial of her unemployment benefits. This fax transmission log is not stamped. Interestingly, the two fax transmission logs are identical except that the one stamped by the Review Board is from November 11, 2008, and the one contained in Cunningham's Appendix is from December 24, 2008. Specifically, the fax numbers that were dialed, the number of pages of each fax, the duration of each fax,

and whether or not the fax was successfully transmitted is identical on both fax transmission logs. Indeed, it is quite a coincidence that fax transmission logs from two different dates would contain this exact same information. Finally, we note that other than the parties' Appendixes, there is no fax transmission log contained in any other filings with this court.

In the instant case, because Cunningham received her eligibility notice by mail, she had thirteen days to appeal the claim deputy's determination that she was ineligible to receive unemployment benefits. The record shows that Cunningham's eligibility determination letter was mailed on December 12, 2008. And Cunningham's notice of appeal was stamped "Received" by the Appeals Division on January 14, 2009. Appellant's App. p. 8–9. Therefore, based upon this evidence, we cannot say that the Review Board's findings were not based upon substantial evidence or that its conclusion was not reasonable in light of these findings. *See Szymanski v. Review Bd. of Ind. Dep't of Workforce Dev.*, 656 N.E.2d 290, 293 (Ind.Ct.App.1995) (stating that "[i]t is well settled that when a statute contains a requirement that an appeal or notice of the intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition precedent ... and non-compliance with the requirement results in dismissal of the appeal").

Moreover, although Cunningham also submitted a copy of the Conciliation Agreement to the Review Board, this evidence was not considered. Inasmuch as the Conciliation Agreement was an agreement between Cunningham and Employer that disposed of Cunningham's discrimination complaint, it was not relevant to the timeliness of Cunningham's appeal of the denial of her unemployment benefits. Therefore, based upon the relevant evidence before it, the Review Board did not err by affirming the ALJ's dismissal of Cunningham's appeal as untimely. Consequently, we affirm the decision of the Review Board.

The decision of the Review Board is affirmed.

MAY, J., and BARNES, J., concur.

*ORDER*

Appellee Review Board of the Indiana Department of Workforce Management, by counsel, had filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee Review Board's Motion to Publish is GRANTED. This Court's opinion handed down in this cause on June 18, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

BAKER, C.J., and MAY and BARNES, JJ., concur.