**T.C., Appellant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Disability Aging and Rehab. Services, Appellees.**

No. 93A02–0908–EX–808.

Court of Appeals of Indiana.

April 21, 2010.

Publication Ordered June 7, 2010.

---

India Lane, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

T.C. appeals the decision of the Review Board of the Indiana Department of Workforce Development (the "Review Board") denying her claim for unemployment benefits.

We affirm.

### ISSUE

Whether the Review Board erred in affirming the dismissal of T.C.'s appeal.

### FACTS

On or about April 30, 2009, the Indiana Family and Social Services Administration terminated T.C.'s employment. T.C. subsequently applied for unemployment benefits with the Indiana Department of Workforce Development (the "DWD").

After determining that T.C. had been discharged for just cause, the DWD denied T.C. unemployment benefits. On July 15, 2009, the DWD mailed a notice of its determination of eligibility to T.C. The notice stated that the determination would become final on July 27, 2009, if not appealed "within ten days of the date th[e] determination was mailed or otherwise delivered." (App. 3). The notice further explained that any appeal of the determination "must be filed within the statutorily required thirteen (13) day time limit from the date of the mailing of the Determination of Eligibility." (App. 4).

On July 29, 2009, T.C., pro se, filed an appeal with the Appeals Division of the DWD. She argued that she did not "feel the decission [sic] rendered is applicable due to the reason(s) for [her] being terminated from [her] position as a clerical assistant ..." and that she has been "actively seeking employment...." (App. 5). On August 10, 2009, an administrative law judge (the "ALJ") found that T.C. failed to file her appeal within the time period required by statute for a timely appeal. The ALJ therefore dismissed the appeal for lack of jurisdiction.

On August 17, 2009, T.C., pro se, appealed the ALJ's decision to the Review Board, again asserting that she did not "feel the decision rendered is applicable due to the reason(s) for [her] being terminated from [her] position as a clerical assistant ..." and that she has been "actively seeking employment...." (App. 9). On August 21, 2009, the Review Board affirmed the ALJ's dismissal of T.C.'s appeal without a hearing.

### DECISION

T.C. asserts that the Review Board erred when it affirmed the ALJ's dismissal of her appeal for lack of jurisdiction. She argues that her appeal was timely. In the alternative, she argues that the language in Indiana Code section 22–4–17–2, which sets the time period for requesting a hearing before an ALJ, is ambiguous.

The State asserts that T.C. has waived this argument on appeal for failure to raise it before the Review Board. We agree.

■ "Our Supreme Court has held that a party who fails to raise an issue before an administrative body has waived the issue on appeal." *Cunningham v. Review*

*Bd. of Indiana Dep't of Workforce Dev.*, 913 N.E.2d 203, 205 (Ind.Ct.App.2009) (citing *Nat'l Rural Utils. Coop. Fin. Corp. v. Pub. Serv. Comm'n of Ind.*, 552 N.E.2d 23, 28 (Ind.1990)). This is true even when the party proceeds pro se as "an administrative body 'is not required to brainstorm about every possible legal theory that might be available to a pro se claimant.'" 913 N.E.2d at 206 (quoting *Highland Town Sch. Corp. v. Review Bd. of Indiana Dep't's of Workforce Dev.*, 892 N.E.2d 652, 656 (Ind.Ct.App.2008)).

■ In T.C.'s appeal to the Review Board, she stated that she was appealing the ALJ's order because she did not "feel the decision rendered is applicable due to the reason(s) for [her] being terminated from [her] position as a clerical assistant ..." and that she has been seeking employment. (App. 9). T.C. did not argue that her appeal was timely filed and did not present any evidence in support thereof to the Review Board.[1] She therefore has waived this argument. *See Cunningham*, 913 N.E.2d at 206 (holding that failure to allege to the Review Board that an appeal was timely and show good cause why evidence in support thereof was not presented to the ALJ waives the issue on appeal).

■ Waiver notwithstanding, we shall address T.C.'s contention that the Review Board improperly determined that her appeal was untimely. T.C. asserts that Indiana Code section 22–4–17–2 is ambiguous because it is subject to "reasonable interpretations of calendar versus business days," and "the use of the word 'within' could suggest that the date includes the tenth day or that the tenth day is excluded." T.C.'s Br. at 7.

---

1. For the first time, T.C. argues on appeal that "[s]he was told that she could file her appeal and that it was ok to file on July 29, 2009...." T.C.'s Br. at 6. T.C., however, did not present this claim, or any evidence supporting it, to ALJ or the Review Board.

Statutory interpretation is a question of law reserved for the court and is reviewed de novo. De novo review allows us to decide an issue without affording any deference to the trial court's decision. When a statute has not previously been construed, . . . our interpretation is controlled by the express language of the statute and the rules of statutory construction. Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. When a statute is subject to different interpretations, the interpretation of the statute by the administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless that interpretation is inconsistent with the statute itself. When a court is faced with two reasonable interpretations of a statute, one of which is supplied by an administrative agency charged with enforcing the statute, the court should defer to the agency. When a court determines that an administrative agency's interpretation is reasonable, it should "terminate[ ] its analysis" and not address the reasonableness of the other party's interpretation. Terminating the analysis recognizes "the general policies of acknowledging the expertise of agencies empowered to interpret and enforce statutes and increasing public reliance on agency interpretations."

*Shaffer v. State,* 795 N.E.2d 1072, 1076–77 (Ind.Ct.App.2003) (internal citations omitted).

Indiana Code section 22–4–17–2(m) provides that a determination of a claimant's eligibility for unemployment benefits "shall be final and benefits shall be paid or denied in accordance therewith" unless the claimant "asks for a hearing before an [ALJ] thereon" *within ten (10) days* after the notice of the determination of eligibility "was mailed to the claimant's . . . last

known address or otherwise delivered to the claimant. . . ." (Emphasis added). Indiana Code section 22–4–17–14(c) provides that a claimant has three additional days, for a total of thirteen days, to seek a hearing if the "notice is served through the United States mail. . . ." Neither section addresses the method for computing the applicable time periods.

Where a statute is silent as to the method of computing time, Indiana Trial Rule 6(A) applies. *Bright PCS/SBA Commc'ns v. Seely,* 753 N.E.2d 757, 758 (Ind.Ct.App. 2001), *reh'g denied.* Trial Rule 6(A) provides:

In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is:

(1) a Saturday,

(2) a Sunday,

(3) a legal holiday as defined by state statute, or

(4) a day the office in which the act is to be done is closed during regular business hours.

In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. When the period of time allowed is less than seven [7] days, intermediate Saturdays, Sundays, legal holidays, and days on which the office is closed shall be excluded from the computations.

As the time period for filing an appeal of an eligibility determination is not less than seven days, it shall include all days, including non-business days. Thus, T.C. had thirteen calendar days from July 15, 2009, to file her appeal with the DWD. In this case, the last, or thirteenth day, fell on

Tuesday, July 28, 2009; as it was not "a Saturday, a Sunday, a legal holiday, or a day on which the [DWD] was closed," it was to be included in the computation of time. T.R. 6(A).

Finding that T.C. had thirteen calendar days by which to file her appeal, we next determine whether the Review Board properly determined that her appeal was untimely.

> [A] Review Board's determination that an appeal was untimely filed is a legal conclusion. Therefore, this court will "examine [ ] the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." We will affirm the Review Board if there is substantial evidence to support its findings and its decision is reasonable in light of its findings. Under the substantial evidence standard of review, we neither reweigh the evidence nor assess witness credibility, but will consider only the evidence most favorable to the Review Board's findings.

*Cunningham*, 913 N.E.2d at 206. (internal citations omitted).

In this case, the Review Board adopted and incorporated the ALJ's findings of fact and conclusion of law. Specifically, the ALJ found as follows:

> On Wednesday, July 29, 2009, the Claimant ... attempted to file an appeal of a Determination of Eligibility issued by [ ]DWD on Wednesday, July 15, 2009. It is apparent from the face of the Determination/Appeal that the appeal was not filed within the statutory thirteen (13) day time period for timely appeal.

(App. 7). Concluding that T.C. failed to appeal the DWD's determination within the statutory time period for filing appeals, the ALJ dismissed the appeal for lack of jurisdiction.

Again, the record shows that T.C. received her notice of determination of eligibility by mail; she therefore had thirteen days to appeal.[2] The record further shows that the DWD mailed the notice of its determination to T.C. on July 15, 2009. T.C. faxed her appeal to the DWD on July 29, 2009, which was fourteen days after the DWD mailed the notice to T.C. Thus, T.C. did not file her appeal within the time period provided by Indiana Code sections 22–4–17–2(m) and 22–4–17–14(c).

We find substantial evidence to support the Review Board's findings that T.C. failed to file a timely appeal. In light of the findings, we find no error in the Review Board's decision to affirm the ALJ's dismissal of T.C.'s appeal.

Affirmed.

BAKER, C.J., and CRONE, J., concur.

### ORDER

Appellees, by counsel, have filed a Motion to Publish.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. Appellee's Motion to Publish is GRANTED.

BAKER, C.J., DARDEN, CRONE, JJ., concur.

---

**2.** In her brief, T.C. maintains that "one side of the determination letter stated ten (10) days and the other side gave her thirteen (13) *business* days." T.C.'s Br. at 5 (emphasis added).

Our review of the notice of determination of eligibility reveals no reference to "business" days.