## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.B.,

*Appellant,*

v.

Review Board of the Department of Workforce Development,

*Appellee*

January 29, 2016

Court of Appeals Case No.
93A02-1504-EX-247

Appeal from the Review Board of the Department of Workforce Development

Case No.
15-RB-610

**Crone, Judge.**

# Case Summary

A.B. appeals the determination of the Review Board of the Indiana Department of Workforce Development ("Review Board") that she received unemployment benefits to which she was not entitled and must repay those benefits with statutory penalties. She argues that the Review Board erroneously applied Indiana Code Section 22-4-13-1.1(b) in imposing penalties and that the penalties violate the United States Constitution. A.B. did not raise either of these arguments in the administrative proceedings below, and therefore we conclude that she has waived them. Accordingly, we affirm.

# Facts and Procedural History

A.B. collected unemployment benefits from April 2010 to June 2012, after she lost her job at a construction company. A.B. filed four claims for unemployment benefits: (1) her first regular claim in April 2010; (2) her first extended claim in October 2010; (3) her second regular claim in April 2011; and (4) her second extended claim in September 2011. She received benefits of $30,857. The Department conducted an investigation of her claims. As part of the investigation, A.B. was interviewed. She provided a sworn statement that when she filed her first claim she had been advised by a WorkOne employee that she did not need to report her weekly earnings of $35, which she earned waitressing on weekends, because they were not significant enough to require disclosure.

[3] In December 2014, the Department issued six determinations of eligibility, each covering a different time period between April 2010 and June 2012, and a notice of overpayment. Four determinations found that A.B. had knowingly failed to disclose that she had earned wages while claiming unemployment benefits. Two determinations concluded that the evidence did not show that she knowingly misrepresented or failed to disclose that she had earnings. All six determinations informed A.B. that she might have received benefits to which she was not entitled and which she now could be liable to repay as shown by the notice of potential overpayment. Appellant's App. at 7, 10, 12, 15, 18, 20. The determinations also informed A.B. that when a person knowingly fails to properly disclose earnings, a 25%, 50%, or 100% penalty is assessed. *Id*. at 7, 12, 15, 20. The Department treated each of the four fraudulent claims as separate instances of fraud, so a 25% penalty was imposed on the first claim, a 50% penalty was imposed on the first extended claim, and a 100% penalty was imposed on the second regular and second extended claims. The notice of overpayment showed that the total overpayment, including penalties, was $48,452.50. A.B. appealed to the Administrative Law Judge ("ALJ").

[4] The ALJ held a telephonic conference, at which A.B. was represented by an attorney. The six determinations were consolidated for one hearing because they involved the same issues and the same parties. In March 2015, the ALJ issued her decision, affirming all the Department's determinations. Specifically, the ALJ concluded that A.B. knowingly failed to disclose earnings that would

reduce or eliminate her benefits, and therefore failed to disclose or falsified material facts within the meaning of Indiana Code Section 22-4-13-1.1. Therefore, the ALJ concluded that A.B. was liable for repayment of benefits as well as applicable penalties pursuant to Section 22-4-13-1.1. The ALJ affirmed the imposition of a 25% penalty on the first regular claim, a 50% penalty on the first extended claim, and a 100% penalty on the second regular and second extended claims.

[5] A.B., pro se, appealed the ALJ's decision to the Review Board by letter. The Review Board did not hold a hearing or accept any additional evidence. It affirmed the ALJ's decision and adopted and incorporated the ALJ's findings of fact and conclusions of law. This appeal ensued.

## Discussion and Decision

[6] A.B. presents two challenges to the Review Board's decision. First, she argues that the Review Board erroneously applied Indiana Code Section 22-4-13-

1.1(b)[1] when it imposed progressive penalties of 25%, 50%, and 100%.[2]  Second, she argues that the penalties imposed violate the Excessive Fines Clause of the Eighth Amendment.[3]

[7]     The Review Board asserts that she did not raise either of these arguments before the ALJ or the Review Board and therefore has waived them.  A.B. did not file a reply brief or otherwise respond to the Review Board's waiver argument, and accordingly we review the Review Board's argument for prima facie error. *Buchanan v. State*, 956 N.E.2d 124, 127 (Ind. Ct. App. 2011). "Our Supreme Court has held that a party who fails to raise an issue before an administrative

---

[1] Section 22-4-13-1.1(b) provides that

> an individual is subject to the following civil penalties for each instance in which the individual knowingly fails to disclose or falsifies any fact that if accurately reported to the department would disqualify the individual for benefits, reduce the individual's benefits, or render the individual ineligible for benefits or extended benefits:
>
> > (1) For the first instance, an amount equal to twenty-five percent (25%) of the benefit overpayment.
> >
> > (2) For the second instance, an amount equal to fifty percent (50%) of the benefit overpayment.
> >
> > (3) For the third and each subsequent instance, an amount equal to one hundred percent (100%) of the benefit overpayment.

[2]  Specifically, A.B. contends that Section 22-4-13-1.1(b) provides for progressive penalties for each "instance" of knowingly failing to disclose certain information.  According to A.B., "instance" means a single legal action or suit and the four cases for which penalties were imposed should be characterized as a single legal action and treated as one instance rather than four.  In *Telligman v. Review Board of Indiana Department of Workforce Development*, 996 N.E.2d 858 (Ind. Ct. App. 2013), another panel of this Court agreed with the Department that each of the claimant's three fraudulent claims for unemployment benefits constituted an "instance" under Section 22-4-13-1.1(b) for which penalties could be assessed.  *Id*. at 867.

[3]  The Review Board observes that whether the Excessive Fines Clause applies to the States by virtue of the Fourteenth Amendment has not been decided by the U.S. Supreme Court.  *See Discount Inn, Inc. v. City of Chicago*, 803 F.3d 317, 319-20 (7th Cir. 2015) (noting that U.S. Supreme Court has not decided whether Excessive Fines Clause is applicable to state action); *but see $100 v. State*, 822 N.E.2d 1001, 1010-12 (Ind. Ct. App. 2005) (apparently assuming that Excessive Fines Clause applied to state action in concluding that forfeiture of vehicle was not unconstitutionally excessive), *trans. denied*.

body has waived the issue on appeal." *Cunningham v. Review Bd. of Ind. Dep't of Workforce Dev.*, 913 N.E.2d 203, 205 (Ind. Ct. App. 2009) (citing *Nat'l Rural Utils. Coop. Fin. Corp. v. Pub. Serv. Comm'n of Ind.*, 552 N.E.2d 23, 28 (Ind. 1990)).

[8]     Our review of the record shows that A.B. did not raise either of her penalty arguments before the ALJ or the Review Board. At the ALJ's hearing and in her appeal to the Review Board, she argued that (1) she had been wrongly advised as to whether she needed to report her earnings and (2) the Department should have informed her sooner that she was not properly claiming benefits. Tr. at 35-41, 59-60; Appellant's App. at 29. Neither of these arguments remotely suggests that A.B. had an objection to the penalties that were imposed. Even when a party proceeds pro se, "'an administrative body is not required to brainstorm about every possible legal theory that might be available to a pro se claimant.'" *T.C. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 930 N.E.2d 29, 31 (Ind. Ct. App. 2010) (quoting *Cunningham*, 913 N.E.2d at 206). Accordingly, we conclude that A.B. waived her arguments regarding the

penalties imposed by the Review Board.[4]  Therefore, we affirm the Review

Board's decision.

[9]     Affirmed.


Vaidik, C.J., and Bailey, J., concur.

---

[4] In *Broxton v. Review Board of Indiana Department of Workforce Development*, 999 N.E.2d 1069, 1075 n.2 (Ind. Ct. App. 2014), *trans. denied*, this Court "declined to find waiver of an issue not raised in an administrative proceeding where resolution of the issue did not require any factual determinations, and required only legal conclusions."  *Broxton* is distinguishable.  There, Broxton raised a question of statutory interpretation for the first time on appeal.  However, the statute had not become an issue until it was cited for the first time by the Review Board.  In addition, the interpretation of the statute was directly linked to the factual and legal questions that had been before the ALJ and the Review Board.  In contrast, A.B. was informed of the penalties in the initial determinations, and her penalty arguments are unrelated to any of the arguments that she made in the administrative proceedings below.  For similar reasons, *Miller v. Indiana Department of Workforce Development*, 878 N.E.2d 346, 353-54 (Ind. Ct. App. 2007), and *Tokheim Corporation v. Review Board of Indiana Employment Security Division*, 440 N.E.2d 1141, 1142 (Ind. Ct. App. 1982), in which this Court also declined to find waiver, are distinguishable.