## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2018, 7:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

E.B.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| E.B.,<br>*Appellant,*<br><br>v.<br><br>Review Board of the Indiana<br>Department of Workforce<br>Development,<br>*Appellee.* | November 14, 2018<br><br>Court of Appeals Case No.<br>93A02-1712-EX-2997<br><br>Appeal from the Review Board of<br>the Indiana Department of<br>Workforce Development<br><br>The Honorable Mackenzi Payne-<br>Crowe, Administrative Law Judge<br><br>Steven F. Bier, Chairperson<br>Lawrence A. Daily, Member<br><br>Trial Court Cause No.<br>17-R-1478 |

**Pyle, Judge.**

# Statement of the Case

E.B. ("E.B."), pro se, appeals the Review Board of the Indiana Department of Workforce Development's ("Review Board") decision, dismissing his appeal based on his failure to timely appeal the determination that he was not entitled to unemployment benefits. E.B. makes no cogent argument and has failed to cite to any relevant case law. As a result, we conclude that he has waived appellate review, and we affirm the Review Board's decision.

We affirm.

# Facts

After E.B.'s employment with Federal Express was terminated, he filed for unemployment benefits with the Indiana Department of Workforce Development ("the Department"). On September 29, 2017, a claims deputy determined that E.B. was not entitled to benefits because he had been discharged for just cause. That same day, the Department sent—via mail and email—notice of the denial to E.B. The notice informed E.B. that he had thirteen days to appeal the claims deputy's determination. Thus, E.B. had until October 12, 2017 to appeal. E.B. attempted to appeal the determination on October 25, 2017.

An administrative law judge ("ALJ") held a telephonic hearing on November 15, 2017 to determine whether E.B. had filed a timely appeal pursuant to INDIANA CODE § 22-4-17-2. Thereafter, the ALJ issued a decision, concluding that E.B.'s appeal was untimely and dismissing the appeal. E.B. appealed the

ALJ's decision to the Review Board, and it affirmed the ALJ's decision. E.B. now appeals.

## Decision

[5] Initially, we note that E.B. proceeds pro se in this appeal.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so . . . . While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

*Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal quotation marks and citations omitted), *reh'g denied*.

[6] E.B.'s appellate brief is scant in content and argument.[1] Indeed, he makes absolutely no argument that his appeal was timely nor any other argument challenging the Review Board's decision that he had failed to timely appeal the claims deputy's determination that E.B. was not entitled to unemployment benefits. Instead, he appears to attempt to challenge the determination itself

---

[1] E.B.'s brief is also somewhat confusing as he asserts that the Review Board improperly denied "unemJeffrey Arnold's petition for a writ of habeas corpus" and because one page of his brief contains the following header: "Brief of Appellee Keith Butts[.]" (E.B.'s Br. 5) (typo in original).

and the denial of his request for unemployment benefits. E.B.'s brief contains no cogent argument nor citation to caselaw, let alone relevant caselaw. As a result, we conclude that E.B. has waived appellate review, and we affirm the Review Board's decision. *See Basic*, 58 N.E.3d at 984 (explaining that the consequences of failing to make a cogent argument on appeal is waiver of the appeal).[2]

[7] Affirmed.

Najam, J., and Crone, J., concur.

---

[2] E.B. also asserts "[f]or the first time on appeal," that the Department "falsely denied him unemployment" and violated his federal constitutional rights. (E.B.'s Br. 13). Aside from the lack of cogent argument, he also did not raise such an argument below. Accordingly, he has waived any such argument. *See Cunningham v. Review Bd. of Indiana Dep't of Workforce Dev.*, 913 N.E.2d 203, 205 (Ind. Ct. App. 2009) (holding that "a party who fails to raise an issue before an administrative body has waived the issue on appeal").