## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**APPELLANT, PRO SE**

B.P.
Fort Wayne, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

B.P.,

*Appellant-Petitioner,*

v.

Review Board of the Indiana
Department of Workforce
Development,

*Appellee-Respondent.*

April 15, 2020

Court of Appeals Case No.
19A-EX-1862

Appeal from the Review Board of
the Department of Workforce
Development

Steven F. Bier, Chairperson
Larry A. Dailey, Member

Lower Court Cause No.
19-R-609

**Pyle, Judge.**

## Statement of the Case

B.P. ("B.P."), *pro se*, appeals the Review Board of the Indiana Department of Workforce Development's ("Review Board") decision, which affirmed an administrative law judge's (ALJ) determination that B.P. was discharged from his employment for just cause and was, therefore, ineligible for unemployment benefits. Concluding that B.P. has waived appellate review of his case due to his lack of cogent argument and failure to cite to relevant legal authority, we dismiss this appeal and affirm the Review Board's decision.

We affirm.

## Facts

After B.P.'s employment with the Department of Child Services was terminated in April 2019, he filed for unemployment benefits with the Indiana Department of Workforce Development. In May 2019, a claims investigator determined that B.P. was not entitled to benefits because he had been discharged for just cause. B.P. appealed that determination. In June 2019, an ALJ held an in-person hearing to determine whether B.P. had been discharged for just cause pursuant to INDIANA CODE § 22-4-15-1(d). Thereafter, the ALJ issued a decision, concluding, in relevant part, that B.P. had "knowingly violated known, reasonable, and uniformly enforced rules of an employer" and had been "discharged for just cause." (Ex. Vol. at 68). B.P. appealed the ALJ's decision to the Review Board, and the Review Board affirmed the ALJ's decision. B.P. now appeals.

# Decision

B.P. appeals the Review Board's decision that he was ineligible for unemployment benefits.

The Indiana Unemployment Compensation Act provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." IND. CODE § 22-4-17-12(a). Our standard of review on appeal of a decision of the Review Board is threefold: "(1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011) (citing *McClain v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1318 (Ind. 1998), *reh'g denied*). When conducting our review, we will neither reweigh the evidence nor assess witness credibility. *Chrysler Group, LLC v. Rev. Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122 (Ind. 2012).

Initially, we note that B.P. proceeds *pro se* in this appeal.

> [O]ne who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, *we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors.* The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the

record and briefing the case. *We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.*

*Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (internal quotation marks and citations omitted) (emphasis added). *See also Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016), *reh'g denied*.

[7] B.P.'s appellate brief is a glaring failure to comply with Appellate Rule 46. He failed to include a Statement of Facts and an Argument section, and his brief is rife with rambling assertions and derogatory comments about his former employer, including accusations that his employer initiated false allegations against him and lied to the Review Board. Most notably, however, is B.P.'s failure to comply with Appellate Rule 46(A)(8). B.P.'s brief contains no cogent argument, no standard of review, and no citation to caselaw or other relevant authority. A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *See Ramsey*, 789 N.E.2d at 490; *see also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) ("It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules."). B.P.'s lack of cogent argument impedes our ability to provide meaningful appellate review. As a result, we conclude that B.P. has waived appellate review of his case, and we affirm the Review Board's decision. *See, e.g., Ramsey*, 789 N.E.2d at 490

(holding that the appellant's substantial noncompliance with rules of appellate procedure resulted in waiver of his appellate challenge to the Review Board's decision); *Basic*, 58 N.E.3d at 984 (explaining that the consequences of failing to make a cogent argument on appeal is waiver of the appeal).[1]

[8] Affirmed.

Bradford, C.J., and Baker, J., concur.

---

[1] Waiver notwithstanding, B.P.'s apparent argument is nothing more than a request to reweigh the evidence, which we will not do. *See Chrysler Group*, 960 N.E.2d at 122. Additionally, we note that, at the end of his brief, B.P. makes a passing reference to a "violati[on] of [the]14th amendment[.]" (B.P.'s Br. 16). Aside from the lack of cogent argument, he also did not raise such an argument below. Accordingly, he has waived any such argument. *See Cunningham v. Review Bd. of Indiana Dep't of Workforce Dev.*, 913 N.E.2d 203, 205 (Ind. Ct. App. 2009) (holding that "a party who fails to raise an issue before an administrative body has waived the issue on appeal").