NEVADA INDUSTRIAL COMMISSION, APPELLANT, v. FORREST M. BIBB, GUARDIAN AD LITEM FOR JOHN STEPHEN BIBB, RESPONDENT.

No. 4286

January 17, 1961                                    358 P.2d 360

(Petition for rehearing denied February 7, 1961.)

*Wm. J. Crowell,* of Carson City, for Appellant.

*Gordon W. Rice,* of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Respondent Bibb sued appellant Nevada Industrial Commission, Reno Newspapers, Inc., and others in the court below on account of injuries received by him when he was knocked down by an automobile driven by one Marilyn Wright while he was delivering newspapers to the subscribers of the Nevada State Journal, a newspaper owned by Reno Newspapers, Inc. Reno Newspapers, Inc., hereinafter will be referred to as the "Newspaper," and Nevada Industrial Commission as the "Commission."

The answer of the Commission joined issue and denied that at the time of the accident Bibb was an employee of the Newspaper.

The lower court found that as between Bibb and the Newspaper the compensation and benefits provided by the Nevada Industrial Insurance Act are exclusive, and thereupon dismissed the action as to the Newspaper and awarded judgment against the Commission "for the full amount of compensation and benefits due him under the

provisions of the Nevada Industrial Insurance Act." See Reno Newspapers, Inc., v. Bibb, 76 Nev. 332, 353 P.2d 458.

We are here concerned only with the appeal of the Commission from said judgment.

The judgment resulted from two motions by the Newspaper, one to dismiss the action against it, and the other for summary judgment in its favor. The latter motion was based upon the amended complaint and exhibits attached thereto, and upon the affidavit of Clarence K. Jones. This affidavit recited that the relationship between Bibb and the Newspaper was set forth in the writing entitled "Agent's or Carrier's Lease" attached to the amended complaint, that the Newspaper did not exercise supervision or control over Bibb except as permitted in said writing, that it did not deduct withholding, social security, or any other deductions, and that at no time did the Newspaper pay wages to Bibb. An affidavit executed by Bibb was presented in opposition to the motion for summary judgment. In it he denies the validity of the said writing and particularly denies that the Newspaper exercised no control over him.

The motions were argued before the lower court on September 18, 1959, at which time the motion to dismiss was denied, and the motion for summary judgment was submitted for decision. The minutes fail to show that the Commission was represented in court at this time. On November 2, 1959 the court rendered its decision on the motion for summary judgment denying the motion, but stating: "That on 3 October, 1957, when personal injuries were received by John Stephen Bibb as alleged in the complaint, he was entitled to the benefits of the Nevada Industrial Insurance Act, and may seek to recover in this action from either defendant Reno Newspapers, Inc., or from defendant, Nevada Industrial Commission the full amount of benefits provided in said Act."

On December 4, 1959 a pre-trial hearing took place at which Bibb, said Marilyn Wright, and the Newspaper

were represented by counsel. The Commission was not represented. The court then reconsidered the said motion for dismissal and for summary judgment. In its pre-trial order based on said pre-trial hearing the lower court, after reciting its former proceedings on the Newspaper's motion for summary judgment, stated that counsel for the Newspaper "conceded that his client had accepted the provisions of the Nevada Industrial Insurance Act, without specifically mentioning John Stephen Bibb." As a result of such concession by the Newspaper, the court then formally concluded that the Newspaper had accepted the provisions of the Nevada Industrial Insurance Act at and prior to the time of the alleged injuries to Bibb; and that by reason of the premises, as between Bibb and the Newspaper the compensation and benefits provided by the said Act were exclusive. It thereupon dismissed the action as to the Newspaper, and awarded judgment against the Commission as aforesaid.[1]

We have concluded that the judgment appealed from must be reversed for the reason that it is based on a concession made by an attorney acting on behalf of his own client, the Newspaper, and not on behalf of appellant Commission during a pre-trial conference, which did not concern appellant and at which appellant was not represented. It therefore could not bind the Commission. Arnett v. Throop, 75 Ida. 331, 272 P.2d 308; See Gurman v. Stowe-Woodward, Inc., 302 Mass. 442, 19 N. E. 2d 717.

There are important legal questions to be determined concerning the status of Bibb resulting from the nature of his relationship with the Newspaper, the validity of the said writing, and its effect if any. It must also be determined whether or not the writing was effective as of the date of the accident. Factual issues raised by the answer of the Commission should be determined first by

---

[1]The action below is still pending to determine whether Marilyn Wright was guilty of negligence, whether Bibb was guilty of contributory negligence, and the extent of the injuries complained of.

the trial court and properly can be determined only if the Commission has had its day in court.

Reversed and remanded.

BADT, C. J., and PIKE, J., concur.