THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, APPELLANT, *v.* AUNDREA TAYLOR-CALDWELL, RESPONDENT.

No. 53041

May 6, 2010 229 P.3d 471

[Rehearing denied June 21, 2010]
[En banc reconsideration denied October 6, 2010]

*Catherine Cortez Masto*, Attorney General, and *Binu G. Palal*, Deputy Attorney General, Carson City, for Appellant.

*Law Offices of John G. Watkins* and *John Glenn Watkins*, Las Vegas, for Respondent.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, J.:

In this appeal, we confirm that a single test to determine the concentration of alcohol in a person's breath will require revocation of a driver's license. We conclude that while NRS 484.386(1) requires that two consecutive samples of breath be taken to provide an evidentiary basis for the concentration of alcohol in a person's breath, NRS 484.384 does not require that the two consecutive samples be over the legal limit to mandate revocation; only one valid sample must be over the legal limit in order for the Department of Motor Vehicles (DMV) to revoke a driver's license. The requirements in NRS 484.386(1) that two samples be taken and that the test results be within 0.02 of each other is merely an evidentiary requirement to validate the test.

### FACTS

Respondent Aundrea Taylor-Caldwell was pulled over by the Nevada Highway Patrol for suspicion of driving under the influence (DUI), failed a field sobriety test, and was placed under arrest. Taylor-Caldwell was given two consecutive breath tests pur-

suant to NRS 484.386(1), which states that a breath test must consist of two consecutive samples that differ by less than or equal to 0.02 in their determination of the concentration of alcohol in the person's breath. Taylor-Caldwell's first sample was under the legal limit of 0.08 concentration of alcohol in the breath, at 0.073, and her second sample was over the legal limit at 0.083. *See* NRS 484.384.

Pursuant to NRS 484.385, the DMV revoked Taylor-Caldwell's driver's license. Taylor-Caldwell requested an administrative hearing, and the administrative law judge affirmed the revocation of her driver's license, determining that both samples were valid but that the valid sample of 0.083 was substantial evidence that Taylor-Caldwell had a breath alcohol concentration of 0.08 or greater at the time of the test.

Taylor Caldwell then sought judicial review in the district court. The district court granted Taylor-Caldwell's petition and reversed the revocation. The district court concluded that reading NRS 484.384 and NRS 484.386 together makes it clear that both breath samples must be considered in order to establish the concentration of alcohol in a driver's breath. The district court went on to hold that consideration of both breath results "fails to establish by substantial evidence 'a concentration of alcohol of 0.08 or more in' " Taylor-Caldwell's breath pursuant to NRS 484.384(1).

## DISCUSSION

### Standard of review

This court reviews an administrative decision in the same manner as the district court. *Garcia v. Scolari's Food & Drug*, 125 Nev. 48, 56, 200 P.3d 514, 519-20 (2009). Like the district court, this court reviews questions of law de novo. *Id.* at 56, 200 P.3d at 520. "It is well established that when statutory language is plain and unambiguous, we will not look beyond the language to ascertain legislative intent." *Dutchess Bus. Servs. v. State, Bd. of Pharm.*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008).

### Plain meaning of NRS 484.384

Pursuant to NRS 484.384, a person's driver's license must be revoked if the concentration of alcohol in their breath or blood is above the statutory limit of 0.08. Specifically, NRS 484.384(1) provides that "[i]f the *result of a test* . . . shows that a person had a concentration of alcohol of 0.08 or more in his blood or breath at the time of the test, his license, permit or privilege to drive *must* be revoked." (Emphases added.)

The DMV disputes the district court's interpretation of NRS 484.384 and NRS 484.386. The DMV argues that the use of the singular "result" and "test" in NRS 484.384 indicates a single breath sample is sufficient to prove Taylor-Caldwell's breath was above the legal limit. We agree. NRS 484.384 does not require that both consecutive samples be over the legal limit; only one sample must be over the legal limit. NRS 484.386's requirement that law enforcement obtain two test results within 0.02 of each other is merely an evidentiary requirement to validate the test.

The language used in NRS 484.384(1) is singular. There is nothing in the statute to indicate that "the result of a test" means two samples. A single test result over the legal limit is all the statute requires. As the administrative law judge said, "[n]othing in the statute indicates that both valid samples must be at least 0.08 in order for the Department to consider that the petitioner had a breath alcohol concentration of at least 0.08 at the time of the test." We agree; NRS 484.384 does not require both samples to be over the legal limit.

NRS 484.386(1)(a) provides the evidentiary test requirements for determining the concentration of alcohol within an individual's breath stating:

> [A]n evidentiary test of breath to determine the concentration of alcohol in a person's breath may be used to establish that concentration only if two consecutive samples of the person's breath are taken and:
> (a) The difference between the concentration of alcohol in the person's breath indicated by the two samples is less than or equal to 0.02.

Generally, the purpose of ensuring that the two consecutive breath samples do not deviate by more than 0.02 of each other is to " 'better evaluate precision and increase one's confidence in the results for forensic-legal purposes.' " 2 Richard E. Erwin, *Defense of Drunk Driving Cases* § 18.03(2) (Matthew Bender, 3d ed. 2009) (quoting Rodney G. Gullberg, *Duplicate Breath Testing: Some Statistical Analyses*, 37 Forensic Sci. Int'l 205, 205 (1988)). Moreover, the language used in NRS 484.386(2) supports the conclusion that only one test over the legal limit is required. NRS 484.386(2) provides that, "[i]f for some other reason a second, third, or fourth sample is not obtained, the results of the first test may be used with all other evidence presented to establish the concentration." Certainly, if the Legislature had intended to require two samples over the legal limit to compel license revocation, it would not have permitted the use of other evidence to establish the concentration. Therefore, the purpose of this statutory requirement under NRS 484.386 is to ensure that the breath results are accurate and reliable.

Here, two consecutive breath tests were administered. The result of the first test was 0.073 and the result of the second was 0.083. Because the results of the two breath samples were well within 0.02, the DMV satisfied the evidentiary breath test requirement pursuant to the purpose and plain language of NRS 484.386(1)(a), which was to ensure the accuracy and reliability of the breath results. Therefore, the result of the second test was sufficient to determine the breath alcohol concentration of Taylor-Caldwell.[1]

Because NRS 484.384 does not require that both consecutive samples be over the legal limit, if one valid sample is over the legal limit, the "permit or privilege to drive must be revoked." Accordingly, we reverse the judgment of the district court and uphold the revocation of Taylor-Caldwell's driver's license.

HARDESTY and PICKERING, JJ., concur.

---

[1]Taylor-Caldwell did not dispute the validity of either test. Taylor-Caldwell did not challenge the administration of the breath test or the calibration of the machine at the administrative hearing.