JOSHUA CRAMER, Appellant, v. THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Respondent.

No. 53248

THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Appellant, v. CLAUDETTE JOSEPH, Respondent.

No. 53380

October 7, 2010                                    240 P.3d 8

*Law Offices of John G. Watkins* and *John Glenn Watkins*, Las Vegas, for Joshua Cramer and Claudette Joseph.

*Catherine Cortez Masto*, Attorney General, and *Carolyn L. Waters*, Senior Deputy Attorney General, Carson City, for the State of Nevada, Department of Motor Vehicles.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, HARDESTY, J.:

In 1995, the Legislature enacted NRS 50.320, which permits the use of an affidavit to prove a person's blood-alcohol content in certain proceedings, including driver's license revocation hearings, by a person who has been previously qualified to testify as an expert witness by a district court.

In *Cramer v. State, Department of Motor Vehicles*, Docket No. 53248, we conclude that NRS 50.320 limits the use of an expert witness affidavit to persons previously qualified by a district court

to testify as an expert witness. Therefore, an administrative hearing officer lacks discretion to admit expert witness testimony by affidavit when the affiant has not been qualified by a district court or the affidavit fails to state the district court in which the affiant was permitted to testify.

In *State, Department of Motor Vehicles v. Joseph*, Docket No. 53380, we reject the suggestion that the district court qualification requirement in NRS 50.320 can be satisfied by way of a stipulation entered into by parties in a separate, unrelated district court case.

## FACTS

### Cramer appeal

In September 2007, appellant Joshua Cramer hit two parked cars in an apartment complex, fled the scene, and then returned upon the request of a Las Vegas Metropolitan Police Department (Metro) officer. Cramer failed three field sobriety tests and was arrested for driving under the influence (DUI). He was transported to the Clark County Detention Center, where he provided a blood sample. The blood analysis, conducted by Michael Stypa, a Metro forensic scientist, showed that Cramer's blood-alcohol concentration was over the 0.08 legal limit, registering at 0.132.

Pursuant to NRS 484.385,[1] respondent State of Nevada, Department of Motor Vehicles (DMV) revoked Cramer's driver's license, and Cramer requested an administrative hearing. Among the evidence considered by the administrative law judge was an affidavit from Stypa testifying to his blood analysis findings. Cramer challenged the admissibility of Stypa's affidavit under NRS 50.320 because Stypa did not state in his affidavit that he had been qualified to testify as an expert in district court. The administrative law judge nevertheless admitted the affidavit and affirmed the revocation of Cramer's license, finding that NRS 50.320 permits an administrative law judge to exercise discretion in admitting an affidavit from a proposed expert in a revocation hearing.

Cramer then filed a petition for judicial review in district court. The district court denied Cramer's petition, summarily stating that the administrative law judge's decision was supported by substantial evidence. This appeal follows.

### Joseph appeal

In September 2007, respondent Claudette Joseph was pulled over by the Nevada Highway Patrol for failing to maintain her

---

[1]The Legislature recently enacted NRS Chapter 484C, which governs crimes associated with driving under the influence of alcohol or prohibited substances; thus, NRS 484.385 is now NRS 484C.220. 2009 Nev. Stat., ch. 134, § 4, at 484.

travel lane. Joseph failed a field sobriety test, was arrested for DUI, and then submitted to a blood test. Joseph's blood sample, which was tested by Theresa Suffecool, an employee of Quest Diagnostics, indicated that Joseph's blood-alcohol concentration was 0.28, more than three times the legal limit of 0.08. Appellant DMV revoked Joseph's license, and she requested an administrative hearing.

At the hearing, the DMV presented Suffecool's affidavit, in which she stated that she had previously been qualified in the Eighth Judicial District Court to testify in an unrelated criminal case as an expert for the testing of blood to determine the presence of alcohol. Joseph challenged the admissibility of Suffecool's affidavit under NRS 50.320 because in the case relied upon by the DMV to qualify Suffecool to testify as an expert, the parties had stipulated to Suffecool's qualifications without providing any substantive or qualitative evaluation of her background or experience. The administrative law judge admitted Suffecool's affidavit in Joseph's case, concluding that the stipulation in the unrelated criminal case constituted proper expert qualification by a district court under NRS 50.320, and ultimately affirmed the revocation of Joseph's license.

Joseph filed a petition for judicial review. The district court reviewed the administrative record, as well as the procedural facts of the district court case relied upon by the DMV qualifying Suffecool to testify as an expert, and determined that

> while the [DMV] can proceed with affidavits and declarations of witnesses qualified by district court order on stipulations pursuant to the statute, NRS 50.275, it should do so only where it is clear that qualification by a district court has been done on a record that at least shows the qualifications.

Because Suffecool's qualifications were not evident from the record in either the case relied upon by the DMV or in Joseph's case, the district court granted Joseph's petition for judicial review and reinstated her driver's license. This appeal follows.

## DISCUSSION

*Standard of review*

When reviewing an administrative decision, "this court's role is 'identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion.'" *Weaver v. State, Dep't of Motor Vehicles*, 121 Nev. 494, 498, 117 P.3d 193, 196 (2005) (quoting *United Exposition Service Co. v. SIIS*, 109 Nev. 421, 423, 851 P.2d 423,

424 (1993)). When reviewing questions of law, including issues of statutory interpretation, this court applies de novo review. *State, DMV v. Taylor-Caldwell*, 126 Nev. 132, 134, 229 P.3d 471, 472 (2010); *State, Dep't of Motor Vehicles v. Terracin*, 125 Nev. 31, 34, 199 P.3d 835, 836-37 (2009). If a statute is facially clear, this court will not go beyond the plain language to determine legislative intent. *Taylor-Caldwell*, 126 Nev. at 134, 229 P.3d at 472.

*Issues presented*

In the *Cramer* appeal, Cramer argues that an affidavit or declaration regarding a driver's blood-alcohol content is admissible under NRS 50.320 only if the affiant or declarant has been qualified to testify as an expert by a district court. Therefore, Cramer contends, because Stypa was not properly qualified to testify as an expert, his affidavit regarding Cramer's blood-alcohol content was inadmissible. The DMV, in response, argues that while NRS 50.320 requires an administrative hearing officer to admit an affidavit from an expert previously qualified by a district court, the statute also allows a hearing officer to exercise his or her discretion to admit an affidavit in an administrative hearing from a person who has not previously been permitted to testify in district court as an expert witness.

In the *Joseph* appeal, the DMV argues that Suffecool's affidavit was admissible under NRS 50.320 because she had previously been qualified to testify as an expert witness by a district court. Joseph responds by arguing that the district court qualification requirement in NRS 50.320 does not include the qualification of an expert witness by the stipulation of parties in a separate case. Rather, Joseph argues that the district court qualification under NRS 50.320 contemplates an evaluation of the witness's qualifications pursuant to the standards set forth in NRS 50.275.

*NRS 50.320 permits the admission of an affidavit when an affiant has been previously qualified as an expert witness in district court*

An affidavit is generally inadmissible hearsay. However, in 1995, the Legislature enacted NRS 50.320, *see* 1995 Nev. Stat., ch. 708, § 1, at 2712, which allows the admission of an affidavit in certain proceedings, including driver's license revocation proceedings, from a person who has been previously qualified by a district court to testify as an expert witness about an individual's blood-alcohol content.[2] *See DeRosa v. Dist. Ct.*, 115 Nev. 225, 229, 985

---

[2]The Legislature amended NRS 50.320 in 2009, *see* 2009 Nev. Stat., ch. 16, § 1, at 32, after the disposition of the underlying matters; thus, the

P.2d 157, 160 (1999) (stating that "NRS 50.315, 50.320, and 50.325 provide . . . statutory exceptions to the hearsay rule"), *overruled on other grounds by City of Las Vegas v. Walsh*, 121 Nev. 899, 906, 124 P.3d 203, 208 (2005).

NRS 50.320 permits the use of an affidavit to prove a person's blood-alcohol content as follows:

> 1. The affidavit or declaration of a chemist and any other person who has qualified in the district court of any county to testify as an expert witness regarding the presence in the breath, blood or urine of a person of alcohol . . . which is submitted to prove:
>
> . . . .
>
> (b) The concentration of alcohol . . .
> is admissible in the manner provided in this section.
> 2. An affidavit or declaration which is submitted to prove any fact set forth in subsection 1 must be admitted into evidence when submitted during any administrative proceeding, preliminary hearing or hearing before a grand jury. The court shall not sustain any objection to the admission of such an affidavit or declaration.

Accordingly, in certain instances, an affidavit from an expert witness may be admitted in lieu of live testimony.

The DMV acknowledges that Stypa's affidavit fails to state that he was qualified in district court to testify about blood-alcohol concentration but instead argues that because driver's license revocation hearings are civil in nature and do not require safeguards as stringent as those required in criminal proceedings, *see Weaver,* 121 Nev. at 498-99, 117 P.3d at 197, hearing officers possess discretionary authority to admit an affidavit from a person who has not previously been permitted to testify as an expert witness in district court. We reject this argument on two grounds.

First, a plain reading of NRS 50.320 demonstrates that the statute imposes a duty upon a hearing officer in an administrative hearing to admit an affidavit from an affiant who has previously been allowed to testify as an expert witness in district court regarding the concentration of alcohol in a person's blood, breath, or urine.[3] However, nothing in NRS 50.320 grants a hearing officer

2007 version of NRS 50.320 applies to this appeal. We note that, as part of the 2009 amendment, the Legislature changed "district court" to "court of record." *See id.*

[3]In this opinion, we do not address whether a chemist who submits an affidavit pursuant to NRS 50.320 must be qualified as an expert, as that issue was not raised in this appeal. Additionally, we do not address NRS 50.320(5)'s definition of "chemist" enacted by the Legislature in 2009. *See* 2009 Nev. Stat., ch. 16, § 1, at 32.

the discretionary authority to admit an affidavit from a proposed expert who has not been qualified by a district court to offer testimony to prove that a person's blood-alcohol content exceeded the legal limit at the time the test was conducted. *See State, Dep't of Taxation v. DaimlerChrysler*, 121 Nev. 541, 548, 119 P.3d 135, 139 (2005) ("[O]missions of subject matters from statutory provisions are presumed to have been intentional."); *Galloway v. Truesdell*, 83 Nev. 13, 26, 422 P.2d 237, 246 (1967) ("The maxim 'EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS', the expression of one thing is the exclusion of another, has been repeatedly confirmed in this State.").[4]

A person submitting an affidavit does not appear before the hearing officer; therefore, there is generally no opportunity to examine the witness regarding his qualifications. *See State, Dep't Mtr. Veh. v. Evans*, 114 Nev. 41, 45, 952 P.2d 958, 961 (1998) (citing NRS 233B.123(4)) (stating that a defendant in an administrative proceeding is entitled to confront and cross-examine the witnesses against him). While we have previously stated that "the DMV's blood-testing procedures are inherently reliable," *State, Dep't Mtr. Veh. v. Bremer*, 113 Nev. 805, 809, 942 P.2d 145, 148 (1997), we have never concluded, nor implied, that blood-alcohol tests conducted by a person who is not qualified to testify as an expert regarding the presence of alcohol in a person's blood are equally reliable. Allowing an affidavit from a proposed expert, which lacks the reliability and trustworthiness of an affidavit from one who has been qualified to testify as an expert, would violate NRS 50.320's plain meaning and lead to absurd results, including the revocation of driver's licenses based on a layperson's affidavit. *See Fierle v. Perez*, 125 Nev. 728, 735, 219 P.3d 906, 911 (2009) (stating that this court seeks to avoid interpretations of statutory provisions that produce absurd results). We conclude that there is no reason for us to read NRS 50.320 more broadly than the plain language allows, even in the context of a driver's license revocation hearing.

Second, the DMV's position is inconsistent with NRS 50.275's qualification standards for the admission of an opinion by an expert witness. NRS 50.275 provides that "[i]f scientific, technical or

---

[4]NRS 233B.123(1) governs the admissibility of evidence during administrative proceedings and provides, in pertinent part, that "[e]vidence may be admitted, *except where precluded by statute*, if it is of a type commonly relied upon by reasonable and prudent persons in the conduct of their affairs." (Emphasis added.) Because we conclude that NRS 50.320 precludes the admission of affidavits from those not qualified as expert witnesses by the district court, NRS 233B.123(1) does not provide an alternative basis for admission of such affidavits.

other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge."[5] Accordingly, the "three overarching requirements for admissibility of expert witness testimony" are "(1) qualification, (2) assistance, and (3) limited scope requirements." *Higgs v. State*, 126 Nev. 1, 17, 222 P.3d 648, 658 (2010).

The district court, in its role as a "gatekeep[er]," has "wide discretion" when determining the admissibility of expert testimony. *Id.* This court has consistently stated that in performing its gatekeeping duties, "the district court *must* first determine that the witness is indeed a qualified expert." *Mulder v. State*, 116 Nev. 1, 13, 992 P.2d 845, 852 (2000) (emphasis added); *Hallmark v. Eldridge*, 124 Nev. 492, 499, 189 P.3d 646, 650 (2008). In *Hallmark*, this court established a nonexhaustive list of factors to be considered by the district court when qualifying a witness to testify as an expert witness, including the witness's formal education, training, licensing, and employment experience. 124 Nev. at 499, 189 P.3d at 650-51. The standard enunciated in NRS 50.275 "sets a degree of regulation upon admitting expert witness testimony, without usurping the trial judge's gatekeeping function." *Higgs*, 126 Nev. at 18, 222 P.3d at 658-59.

In the *Cramer* appeal, the DMV does not point to, nor did we locate, any evidence in Stypa's affidavit or elsewhere in the record indicating that he was previously qualified as an expert in district court. Because NRS 50.320 plainly limits the admission of an affidavit to prove a person's blood-alcohol content to one from a person who previously qualified to testify as an expert witness in a district court, we conclude that Stypa's affidavit was inadmissible. Consequently, it was an abuse of discretion for the administrative law judge to admit Stypa's affidavit to prove Cramer's blood-alcohol content.

*Expert qualification by stipulation does not satisfy NRS 50.320*

In the *Joseph* appeal, it appears that on the face of Suffecool's affidavit, NRS 50.320 is satisfied, as she states that she was pre-

---

[5]NRS 50.320 and prior caselaw refer to a witness being "qualified" as an expert witness in district court. However, the district court does not actually declare a witness "qualified." Rather, the district court makes a determination that the witness's qualifications allow him to testify as an expert in a particu-

viously qualified to testify as an expert witness in district court "regarding the testing of blood to determine the presence and amount of alcohol and controlled substances." However, Joseph submitted evidence demonstrating that Suffecool's qualification to testify as an expert occurred by stipulation of the parties in an unrelated district court criminal case.

The general rule is that a stipulation is not binding against one who "was not a party to a proceeding and did not assent to the stipulation." *Lincoln Lumber Co. v. Lancaster*, 618 N.W.2d 676, 683 (Neb. 2000); *see also Nev. Ind. Comm. v. Bibb*, 77 Nev. 8, 11, 358 P.2d 360, 361 (1961) (concluding that a concession made by counsel representing a nonparty could not bind the appellant); *Pacific L. S. Co. v. Ellison R. Co.*, 52 Nev. 279, 298, 286 P. 120, 124 (1930) (determining that signatories to a stipulation could not bind the other defendants not parties to the stipulation); *CRSC, Inc. v. Sage Diamond Co., Inc.*, 22 P.3d 97, 104 (Haw. Ct. App. 2001) (noting that a nonparty cannot be bound by a stipulation). When a stipulation is reached, there is no challenge to a person's expert qualifications pursuant to NRS 50.275; thus, the person is not questioned or cross-examined. Accordingly, the district court is not called upon to make a judicial determination regarding whether that person is qualified to testify as an expert witness.

We conclude that the rationale underlying the hearsay rule—lack of reliability and trustworthiness—is implicated when an affiant, who was qualified by stipulation in one case, seeks to submit an affidavit to prove a person's blood-alcohol level in another case. *See Weber v. State*, 121 Nev. 554, 577, 119 P.3d 107, 123 (2005) (stating that "[h]earsay evidence is traditionally excluded 'because it is not subject to the usual tests to show the credibility of the declarant. Lacking is cross-examination to ascertain a declarant's perception, memory and truthfulness.'" (quoting *Deutscher v. State*, 95 Nev. 669, 684, 601 P.2d 407, 417 (1979))). Thus, we determine that NRS 50.320 precludes the admission of an affidavit from a person who was previously qualified to testify as an expert witness by stipulation in a case involving different parties.

Joseph was not a party in the case relied upon by the DMV and is therefore not bound by the stipulation entered into by the parties in that unrelated case regarding Suffecool's qualifications to testify as an expert witness. Moreover, because we conclude that a stipulation is not sufficient to satisfy the qualification requirement in NRS 50.320, it was an abuse of discretion for the administrative law judge to admit Suffecool's affidavit.

---

lar area of expertise. *See Thompson v. State*, 125 Nev. 807, 814-15, 221 P.3d 708, 713-14 (2009) (stating that the determination of whether a proposed expert's testimony is admissible is within the district court's discretion).

Accordingly, we reverse the judgment of the district court in the *Cramer* appeal, Docket No. 53248, and remand the matter to the district court with instructions to, in turn, remand the matter to the administrative law judge with instructions to reinstate Cramer's driver's license,[6] and we affirm the order of the district court in the *Joseph* appeal, Docket No. 53380, granting Joseph's petition for judicial review and reinstating her driver's license.

DOUGLAS and PICKERING, JJ., concur.

---

[6]Because we reverse on the ground that Stypa's affidavit was not admissible under NRS 50.320, we do not address Cramer's argument regarding whether a blood test taken pursuant to NRS 484C.210 (formerly NRS 484.384) must be conducted within two hours.