An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALFREDO URIBE GUTIERREZ,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES E. WILSON,
DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62625

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a pretrial petition for a writ of habeas corpus in which petitioner contended that the probable cause determination was insufficient due to an evidentiary error during the preliminary hearing. In particular, petitioner argues that the affidavit of the forensic specialist who tested petitioner's blood alcohol content was deficient because the forensic specialist was not qualified as an expert under NRS 50.320 and therefore the affidavit was inadmissible at the preliminary hearing. We disagree.

The statute provides that an affidavit of a chemist and any other person who has qualified in a court of record in Nevada to testify as an expert regarding the presence of alcohol in the blood is admissible in a preliminary hearing. NRS 50.320(1), (2). The statute defines a chemist as any person who is employed in a forensic laboratory whose duties include analysis of the blood to determine the presence of alcohol. NRS 50.320(5).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07628

Here, the challenged affidavit indicates that the person who analyzed petitioner's blood alcohol content is a senior forensic specialist employed by the Carson City Sheriff's Office crime laboratory and possesses professional and academic training that qualifies him to perform analyses to determine the presence of alcohol in the blood. Accordingly, the forensic specialist met the statutory definition of chemist and the affidavit was admissible in the preliminary hearing.

Petitioner's reliance on Cramer v. State, DMV is misplaced as that case concerned whether the challenged affidavit was inadmissible because the scientist who had performed the blood alcohol test had not been qualified as an expert in a court of record. 126 Nev. ___, 240 P.3d 8 (2010). We specifically declined to address the issue of whether a chemist who submits an affidavit pursuant to NRS 50.320 must be qualified as an expert because that issue was not raised on appeal, and we did not comment on the 2009 amendment to NRS 50.320 that defined "chemist." Id. at ___ n.3, 240 P.3d at 11 n.3; see 2009 Nev. Stat., ch. 16, § 1, at 32.

Because petitioner failed to demonstrate that the district court manifestly abused its discretion by denying his pretrial habeas petition, see NRS 34.160; State v. Dist. Ct. (Armstrong), 127 Nev. ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion), we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk