# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES DUNNING,
Appellant,
vs.
NEVADA STATE BOARD OF
PHYSICAL THERAPY EXAMINERS,
Respondent.

No. 67322

FILED

MAY 26 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a preliminary injunction and granting a motion to dismiss appellant's complaint for declaratory relief challenging an administrative action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

In 2011, appellant Dr. James Dunning coined the terms "osteopractic" and "osteopractor" in connection with continuing education courses he offers to physical therapists in Nevada. Respondent Nevada State Board of Physical Therapy Examiners (the Board) later adopted a policy prohibiting any physical therapist licensed in Nevada from using the terms "osteopractic" and "osteopractor" in any manner. Dunning filed an action for injunctive and declaratory relief, arguing that the Board's policy was a regulation as defined by NRS 233B.038 and that the Board was therefore required to comply with the requirements of the Nevada Administrative Procedures Act (NAPA), NRS Chapter 233B, before enacting the policy. The Board filed a motion to dismiss, which the district court granted. The district court order states that the motion to dismiss was granted "pursuant to NRS 233B.110" without any further explanation. Dunning now appeals.

16-16623

It is unclear whether the district court granted the Board's motion to dismiss based on Dunning's failure to exhaust administrative remedies or because the district court concluded that it lacked jurisdiction under NRS 233B.110. "[W]hen unclear, a judgment's interpretation is a question of law for this court." *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 570, 170 P.3d 989, 992 (2007). "When reviewing a district court's judgment, we apply the rules of construction that pertain to interpreting other written instruments." *Id.* at 570, 170 P.3d 992-93. "Additionally . . . a judgment's legal effect must be determined by construing the judgment as a whole, and that, in the case of ambiguity, the interpretation that renders the judgment more reasonable and conclusive and brings the judgment into harmony with the facts and law of the case will be employed." *Id.* at 570, 170 P.3d at 993.

We conclude that the district court order is ambiguous. NRS 233B.110 permits the filing of a declaratory relief action to challenge a regulation but requires that the party first ask the administrative agency to pass upon the validity of the regulation. Accordingly, we conclude that dismissal for lack of subject matter jurisdiction under NRS 233B.110, rather than for failure to exhaust administrative remedies, renders a more reasonable and conclusive judgment given the facts and record below. Nonetheless, in either case, we conclude that this matter must be reversed and remanded.

*The district court erred in dismissing Dunning's claim for lack of subject matter jurisdiction under NRS 233B.110*

Dunning argues that the Board's policy is a regulation pursuant to NRS 233B.038 such that the district court had jurisdiction over the underlying matter under NRS 233B.110. Dunning contends that the policy is a statement of general applicability which effectuates or

SUPREME COURT
OF
NEVADA

(O) 1947A

2

interprets law or policy. Thus, Dunning contends, the district court improperly dismissed his complaint for lack of subject matter jurisdiction because the district court had authority to determine the validity of the policy under NRS 233B.110. We agree.

This appeal raises issues of statutory interpretation and questions of law, which this court reviews de novo. *State, Dep't of Motor Vehicles v. Taylor-Caldwell*, 126 Nev. 132, 134, 229 P.3d 471, 472 (2010).

NRS 233B.110 outlines the process by which a district court may render a declaratory judgment regarding the validity of a challenged regulation. District courts have the authority to determine "[t]he validity or applicability *of any regulation* . . . when it is alleged that the regulation, or its proposed application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." NRS 233B.110(1) (emphasis added). "A declaratory judgment may be rendered after the plaintiff has first requested the agency to pass upon the validity of the regulation in question." *Id.*

Agencies "may adopt reasonable regulations to aid [them] in carrying out the functions assigned to [them] by law." NRS 233B.040(1). "If adopted and filed in accordance with the provisions of [NAPA]" these regulations have the force of law. *Id.* A regulation is "an agency rule, standard, directive or statement of general applicability which effectuates or interprets law or policy, or describes the organization, procedure, or practice requirements of an agency." NRS 233B.038(1)(a); *State Farm Mut. Auto Ins. Co. v. Commissioner of Ins.*, 114 Nev. 535, 543, 958 P.2d 733, 738 (1998).

In contrast, policies are merely an agency's interpretation or understanding of the law and typically do not hold the legal force of a

regulation. *See generally Nev. State Democratic Party v. Nev. Republican Party*, 256 P.3d 1, 6-7 (Nev. 2011); *see also Bader v. Norfolk Redevelopment & Hous. Auth.*, 396 S.E.2d 141, 143 (Va. Ct. App. 1990). Declaratory, decisional, advisory, and fact-specific interpretive rulings are not regulations under NRS Chapter 233B. NRS 233B.038(2)(b), (e), (f) and (h). For example, "an interpretive ruling is merely a statement of how the agency construes a statute or a regulation according to the specific facts before it." *State Farm Mut. Auto Ins. Co.*, 114 Nev. at 543, 958 P.2d at 738. However, this court has reasoned that, where an interpretive ruling affects other market participants, appears to be part of a general policy, and "'is of such major policy concern and of such significance'" that it may be characterized as being of general applicability, the ruling is a regulation subject to the NAPA. *Id.* at 544, 958 P.2d at 738 (quoting *Pub. Serv. Comm'n of Nev. v. Sw. Gas Corp.*, 99 Nev. 268, 273, 662 P.2d 624, 627 (1983) (concluding that rate-design directed at a single utility provider constituted a regulation despite the fact that it was only directed at a single provider)); *see also Coury v. Whittlesea-Bell Luxury Limousine*, 102 Nev. 302, 305-06, 721 P.2d 375, 376-77 (1986) (concluding that the Public Service Commission's decision in a single contested matter was subject to the NAPA because it produced new definitions that created a standard of general applicability for all market participants).

Here, we conclude that the Board's policy is of general applicability. The Board published the policy in the "WINTER 2013 WEB NEWS BULLETIN" and stated therein that "the Board has determined that Nevada licensees may not use the terms 'Osteopractic' or 'Osteopractor' *in any manner*." The language used in the Nevada State Board of Physical Therapy Examiners Policy Manual is similarly broad,

stating that the terms "are not acceptable terms for licensees to use, in any form, either written or verbal." Unlike the PSC's determination in *Southwest Gas Corp.*, which was directed at a single entity, the language of the Board's policy indicates that it is directed to all physical therapists licensed in the state of Nevada, not a subset of physical therapists. Nor is the policy limited to the use of the terms under certain circumstances. Thus, the policy plainly applies to every physical therapist licensed in the state of Nevada and to any potential use of the terms "osteopractic" and "osteopractor."

We further conclude that the policy effectuates law or policy. The Board's policy manual states that the terms "Osteopractic" and "Osteopractor" "are not *legally* acceptable to be utilized by *any* licensee." However, the policy does not identify which portion of the Nevada Revised Statutes or the Nevada Administrative Code that prohibits the use of these terms. Accordingly, the policy reserves for the Board the right to conclude that any physical therapist's use of the terms, in any manner, constitutes a violation of the policy and, therefore, a violation of the law.

Under these facts, we conclude that the policy is a regulation pursuant to NRS 233B.038. Accordingly, the district court had jurisdiction over the underlying matter under NRS 233B.110. We reverse the district court's order dismissing Dunning's claim for lack of subject matter jurisdiction pursuant to NRS 233B.110.

*We decline to address whether Dunning has exhausted administrative remedies*

Dunning argues that he exhausted his administrative remedies pursuant to NRS 233B.110. We decline to address whether Dunning exhausted his administrative remedies because the district court failed to make any factual findings on this issue. *Carson Ready Mix, Inc.*

*v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal."). Accordingly, it is unclear what specific steps Dunning took to request that the Board "pass upon the validity" of the policy prior to availing himself of the district court, as required by NRS 233B.110.[1]

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[1]On remand, we instruct the district court to make factual findings regarding whether Dunning exhausted his administrative remedies pursuant to NRS 233B.110.

[2]We have considered the parties' remaining arguments and conclude that they are without merit. Additionally, we note that Dunning declined to appeal the district court's denial of his motion for preliminary injunction in order to streamline the issues presented in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Adriana Escobar, District Judge
Phillip Aurbach, Settlement Judge
Workman Nydegger
Black & LoBello
Hal Taylor
Attorney General/Carson City
Eighth District Court Clerk