## KATHY GARCIA, Appellant, v. SCOLARI'S FOOD & DRUG, Respondent.

No. 50046

January 29, 2009                                    200 P.3d 514

CHERRY, J., with whom SAITTA, J., agreed, dissented.

*Kathy Garcia*, Reno, in Proper Person.

*McDonald Carano Wilson LLP* and *Timothy E. Rowe*, Reno, for Respondent.

# OPINION

By the Court, HARDESTY, C.J.:

This appeal seeks our review of a district court order denying a petition for judicial review of an administrative decision that denied occupational disease benefits. During the district court proceedings, appellant sought to have the matter remanded to the appeals officer pursuant to NRS 233B.131(2), which provides that the district court may order additional evidence to be taken before an administrative agency if the evidence is material and good reasons exist for failing to present it during the administrative proceeding. Appellant argued that her attorney negligently failed to introduce material evidence during the administrative proceedings. The district court denied appellant's request, however, after determining that appellant had failed to establish good reasons.

We take this opportunity to provide guidance on the good reasons standard set forth in NRS 233B.131(2). We conclude that good reasons do not exist when a party's attorney deliberately decides not to present available evidence during the course of an administrative proceeding and that party then seeks remand for reconsideration with that evidence after an adverse decision by the administrative agency. Here, appellant did not establish good reasons for her failure to present the additional evidence to the appeals officer, and therefore, the district court did not abuse its discretion in denying appellant's motion to remand the matter for consideration of additional evidence. Moreover, having reviewed the record, we conclude that the appeals officer did not commit clear error or an abuse of discretion in determining that appellant had failed to show that her condition was work-related. We therefore affirm the district court order denying appellant's petition for judicial review.

## FACTS

In April 2005, proper person appellant Kathy Garcia submitted an occupational disease claim for pain in her arms and shoulders to her employer, respondent Scolari's Food & Drug. After reporting her claim, Garcia's condition was evaluated on several occa-

sions. None of the physicians or nurse practitioners who evaluated Garcia during these initial visits connected the pain in her arms and shoulders to her employment at Scolari's. Garcia subsequently was referred for an independent medical evaluation by Donald S. Huene, M.D. Dr. Huene offered nonindustrial diagnoses of lateral epicondylitis, myofascitis, possible fibromyalgia, and possible radial tunnel syndrome. Dr. Huene attributed the cause of Garcia's condition to the aging process, concluded that the condition was not work-related, and stated that ''work has aggravated [Garcia's] symptoms but is not the primary cause.'' Based on this evaluation by Dr. Huene, Garcia's claim for occupational disease benefits was denied.

Garcia, through counsel, administratively appealed, and a hearing was held before an appeals officer. The only evidence Garcia presented at the hearing was her own testimony. Apparently relying on the medical evidence provided by Scolari's—in particular, the portion of Dr. Huene's report describing Garcia's symptoms as having been aggravated by her work—Garcia's attorney argued that the work-related aggravation of a nonindustrial condition is compensable. Scolari's argued, however, that Dr. Huene's report did not establish a compensable claim because the doctor concluded that Garcia did not have an occupational disease.

At the conclusion of the hearing, the appeals officer indicated that the parties would be allowed additional time to submit further information before a decision was made. Although not specifically reflected in the record, both parties acknowledge that the appeals officer delayed issuing a decision in this matter to allow Garcia's attorney to submit two additional documents: a functional capacity evaluation confirming that Garcia had ''cervical/shoulder/scapular issues'' and a letter from Dr. Glenn Miller that purportedly connected Garcia's condition to her employment, both of which were available at the time of the hearing. When no further evidence was submitted, however, the appeals officer concluded that Garcia had failed to meet her statutory burden of establishing industrial causation and denied Garcia's claim for benefits. In explaining the decision, the appeals officer noted that, based on the submitted evidence, none of the physicians who had seen or treated Garcia suggested that Garcia's condition was caused by her employment. The appeals officer also noted that while Dr. Huene had indicated in his report that Garcia's employment had aggravated her nonindustrial condition, under NRS 617.366, such an aggravation is not compensable unless an occupational disease is also independently established.

Garcia subsequently filed, in proper person, a petition for judicial review in the district court, contending that the appeals officer's decision was improper and rendered without the benefit of all the relevant evidence. Garcia then moved the district court for leave

to present additional evidence under NRS 233B.131(2). The district court denied Garcia's motion to present additional evidence, concluding that she had failed to establish good reasons for failing to submit the evidence during the administrative proceeding. The district court subsequently denied Garcia's petition for judicial review, and this proper person appeal followed. As directed, respondent has filed a response.

## DISCUSSION

On appeal, Garcia asserts that the attorney who represented her during the administrative proceedings was neglectful of her claim and negligently failed to present any medical evidence to support her claim. Specifically, Garcia points to the functional capacity evaluation confirming that she had "cervical/shoulder/scapular issues" and Dr. Miller's letter, which she claims connected her arm and shoulder condition to her employment. Garcia argues that she relied on her attorney to provide this medical evidence, especially after the appeals officer allowed additional time to do so, and she asserts that she was unaware of her attorney's failure to provide this evidence until she received the appeals officer's decision denying her claim.

In its response, Scolari's argues that the above evidence is not material and that Garcia failed to demonstrate good reasons for her failure to present the evidence to the appeals officer in the first instance. Scolari's notes that the evidence was available at the time of the hearing and asserts that attorney negligence should not excuse Garcia's failure to present the evidence. Scolari's also contends that substantial evidence supports the appeals officer's decision to deny Garcia's claim.

We conclude that good reasons do not exist when a party's attorney deliberately decides not to present available evidence during the course of an administrative proceeding and that party then seeks remand for reconsideration with that evidence after an adverse decision at the administrative level. Accordingly, the district court did not abuse its discretion in determining that good reasons did not exist under NRS 233B.131(2) to remand this matter to the appeals officer for consideration of additional evidence. Further, based upon the evidence presented in the record, substantial evidence supports the appeals officer's decision denying Garcia's occupational disease claim.

*Denial of Garcia's request to supplement the record*

Under NRS 233B.131(2), when a party to an administrative proceeding seeks to present additional evidence that was not pre-

sented to the agency during the administrative hearing, the district court may order that such evidence be taken by the agency:

> [i]f, before submission to the court, an application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency.

Thus, the two principal inquiries under NRS 233B.131(2) are whether the evidence sought to be added is material and whether "good reasons" exist for the failure to present the evidence to the administrative agency. Because NRS 233B.131(2) provides that the district court "*may* order that the additional evidence and any rebuttal evidence be taken before the agency" (emphasis added), the decision to grant or deny a request to remand a matter for the consideration of additional evidence is reviewed for an abuse of discretion. *See Minton v. Board of Medical Examiners*, 110 Nev. 1060, 1081, 881 P.2d 1339, 1354 (1994) (explaining that the use of the word "may" in a statute usually gives the district court discretion to act).

Here, we are concerned with the second prong of the analysis— whether the district court properly found that no "good reasons" existed for Garcia's failure to present the functional capacity evaluation and Dr. Miller's letter to the appeals officer. Although this court has not yet considered what constitutes a good reason for failing to present evidence at an administrative hearing under this statute, this issue has been addressed in a number of other states with similar statutes. *See, e.g., Salmon v. Department of Public Health*, 788 A.2d 1199, 1220-21 (Conn. 2002) (granting relief, under a good reason standard, for ineffective representation by counsel); *Northern Illinois Gas v. Industrial Com'n*, 498 N.E.2d 327, 332 (Ill. App. Ct. 1986) (finding, under a good cause standard, it was proper for lower court to refuse to supplement the record to include additional evidence in a workers' compensation matter); *Pannoni v. Board of Trustees*, 90 P.3d 438, 449-50 (Mont. 2004) (concluding, under a good reasons standard, that good reasons had not been established when the failure to present the evidence was due to a tactical decision); *Breedon v. Maryland State Dept. of Ed.*, 411 A.2d 1073, 1080 (Md. Ct. Spec. App. 1980) (finding, under a good reasons standard, that a request to present additional evidence to an administrative agency was sufficient); *McDowell v. Citibank*, 734 N.W.2d 1, 11 (S.D. 2007) (declining, under a good reasons standard, to provide relief in a workers' compensation matter). We find two such cases, *McDowell* and *Northern Illinois Gas*, particularly applicable to our resolution of this matter.

In *McDowell*, the South Dakota Supreme Court considered, in a workers' compensation matter, whether the good reasons standard had been satisfied. 734 N.W.2d 1. The appellant sought to add evidence that allegedly bolstered the testimony of a witness, arguing that the evidence was not admitted at the administrative hearing because the evidence became significant only when the opposing counsel, to the surprise of the appellant, challenged the witness's truthfulness on cross-examination. *Id.* at 11. The court concluded that there was "no question" that this particular witness's testimony was "the central point" of the appellant's claim to reopen her workers' compensation settlement, and that, therefore, the appellant could not reasonably argue surprise that the witness's credibility would be attacked as a good reason for the failure to produce the evidence before the administrative body. *Id.* As the court explained, "a party may not wait to submit evidence at an administrative hearing until after the party learns how the hearing examiner will rule." *Id.*

Additionally, in *Northern Illinois Gas*, the Appellate Court of Illinois considered, under a "good cause" standard, a request to supplement the record to include additional evidence in a workers' compensation matter. 498 N.E.2d 327. The *Northern Illinois Gas* court noted that the omitted evidence was available at the time of the administrative hearing but apparently was not presented because counsel believed that the opposing party had presented insufficient proof to prevail. *Id.* at 332. After considering this situation, the court decided that "[a] party cannot choose one trial strategy and then, faced with an adverse decision, supply additional evidence on review, absent, for example, the need to prevent injustice by correcting the arbitrator's misunderstanding of the evidence, or other good cause." *Id.* Finding that good cause had not been established, the court held that the lower tribunal did not abuse its discretion when it declined the request to present the additional evidence. *Id.*

Here, the district court found that Garcia's attorney failed to present any medical evidence during the proceedings before the appeals officer, even though the functional capacity evaluation and the letter from Dr. Miller were available prior to the hearing. Even after the appeals officer gave Garcia's attorney additional time to present further evidence, the attorney failed to submit that evidence. A review of the administrative hearing transcript reveals that Garcia's attorney decided to rely solely on the medical evidence introduced by Scolari's, Dr. Huene's independent medical evaluation.[2] Scolari's introduced this report, presumably, because

---

[2]We note that while Garcia claims that her attorney misled her by indicating that he was prepared to present her case before the appeals officer and that he had obtained all of the necessary relevant medical records to do so, these

Dr. Huene expressly concluded that Garcia's condition was not work-related. The transcript from the hearing, however, suggests that Garcia's attorney thought either that the burdens of proof and persuasion were on the employer or that Dr. Huene's independent medical evaluation established a compensable claim, since Dr. Huene concluded that Garcia's employment aggravated her symptoms. The appeals officer disagreed with this interpretation, however, determining that NRS 617.366(1)'s aggravation provision was not applicable when an occupational disease has not been established.[3]

Regardless of the attorney's reasons for failing to submit the evidence, it is clear that Garcia's attorney pursued a deliberate, though unsuccessful, trial strategy. As the *McDowell* and *Northern Illinois Gas* cases explain, the type of relief sought here is generally inappropriate when a party waits to submit evidence until learning how a hearing examiner will rule or pursues one strategy at trial and then, after an adverse result, seeks to pursue another strategy with additional evidence. *See McDowell*, 734 N.W.2d at 11; *Northern Illinois Gas*, 498 N.E.2d at 332. Although Garcia argues that her attorney's failure to present the additional medical evidence constitutes negligence or neglectfulness that should entitle her to relief, we conclude that these actions do not constitute good reasons to remand the matter to the appeals officer under NRS 233B.131(2) because they were undertaken as part of a deliberate trial strategy by Garcia's attorney.

The fact that a party's attorney makes what could be characterized as a poor decision with regard to what evidence to present at an administrative proceeding will not suffice to justify remand for consideration of additional evidence, especially after an adverse decision is issued by the appeals officer and when the evidence sought to be presented was available at the time of the administrative hearing. *See McDowell*, 734 N.W.2d at 11; *Northern Illinois Gas*, 498 N.E.2d at 332. Thus, even if we were to accept Garcia's argument that her attorney's actions constituted negligence or ne-

---

allegations appear to represent a disagreement between Garcia and her attorney over what should have been presented to the appeals officer and what medical records were relevant, as opposed to a misrepresentation about the status of Garcia's claim or which evidence was going to be presented.

[3]NRS 617.366(1) provides that a resulting condition of an employee who (a) has a preexisting condition that did not arise out of and in the course of employment; and (b) thereafter contracts an occupational disease that aggravates, precipitates or accelerates the preexisting condition, shall be deemed to be a compensable occupational disease unless the insurer can establish, by a preponderance of the evidence, ''that the occupational disease is not a substantial contributing cause of the resulting condition.''

glectfulness, her attorney's actions nonetheless do not constitute good reasons for not presenting the evidence during the administrative proceeding. We agree, therefore, with the district court that good reasons to have this matter remanded to the appeals officer for reconsideration with the additional evidence were not established, since the withheld evidence was available at the time of the hearing but was not presented due to counsel's trial strategy. *See McDowell*, 734 N.W.2d at 11; *Northern Illinois Gas*, 498 N.E.2d at 332. Accordingly, we conclude that the district court did not abuse its discretion in denying Garcia's motion for leave to present additional evidence under NRS 233B.131(2).[4]

*The appeals officer's denial of Garcia's claim*

This court reviews an administrative decision in the same manner as the district court. *Riverboat Hotel Casino v. Harold's Club*, 113 Nev. 1025, 1029, 944 P.2d 819, 822 (1997). We, like the district court, decide purely legal questions de novo. *Id.* In reviewing questions of fact, however, both this court and the district court are prohibited from substituting their judgment for that of the agency. *Id.* Therefore, on factual issues, this court is limited to determining whether there is substantial evidence in the record to support the agency's decision. *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support the appeals officer's conclusion. *Id.* The reviewing court is confined to the record before the agency. *Id.* at 284, 112 P.3d at 1097.

Having reviewed the administrative record, we conclude that substantial evidence supports the appeals officer's conclusion that Garcia presented insufficient evidence to establish industrial causation of her medical condition. *See* NRS 617.358(1) (providing that, to receive occupational disease benefits, an employee must show by a preponderance of the evidence that her disease arose out of and in the course of her employment); NRS 617.440 (setting forth the requirements for an occupational disease to be deemed to arise out of and in the course of employment). The reports from Garcia's initial medical examinations do not connect her condition to her employment, and Dr. Huene's independent medical evaluation states that "[Garcia's] current symptomatology is a nonindustrial condition" attributable to the aging process rather than her

---

[4]Because we conclude that Garcia has not established good reasons under NRS 233B.131(2), we need not address NRS 233B.131(2)'s materiality requirement.

employment.[5] Accordingly, we conclude that the appeals officer's decision is supported by substantial evidence.[6]

## CONCLUSION

We conclude that good reasons do not exist to remand an administrative matter to the appeals officer for reconsideration with additional evidence when a party's attorney deliberately or negligently decides not to present available evidence during the course of the administrative proceeding and that party then seeks to have that evidence considered after an adverse decision has issued at the administrative level. Thus, we further conclude that the district court did not abuse its discretion in determining that good reasons did not exist under NRS 233B.131(2) to remand this matter to the appeals officer. Further, based upon the evidence presented in the record, substantial evidence supports the appeals officer's decision denying Garcia's occupational disease claim. Accordingly, we affirm the district court's order denying Garcia's petition for judicial review.[7]

PARRAGUIRRE, DOUGLAS, and GIBBONS, JJ., concur.

CHERRY, J., with whom SAITTA, J., agrees, dissenting:

The majority concludes that NRS 233B.131(2)'s "good reasons" standard is not satisfied when an attorney either deliberately or negligently fails to present available evidence at an administrative hearing. Because I believe that this approach to

---

[5]We have also considered Garcia's alternative argument that relief should be granted because of general broad supervisory powers the district courts hold over administrative agencies and conclude it is without merit.

[6]While Garcia's attorney argued at the hearing before the appeals officer that Dr. Huene's evaluation shifted the burden in this matter to Scolari's under NRS 617.366, Garcia does not challenge the appeals officer's conclusion that an aggravation under NRS 617.366(1)(b) is compensable only when it is aggravated by a subsequent occupational disease. Because the appeals officer's interpretation of the statute appears reasonable, we need not further address this issue. *See SIIS v. Miller*, 112 Nev. 1112, 1118, 923 P.2d 577, 581 (1996) (setting forth the rule that the interpretation of a statute by an agency charged with the duty of administering the statute is entitled to deference).

[7]Our dissenting colleagues argue that negligent representation of a workers' compensation claimant at the administrative level warrants remand under NRS 233B.131(2) to the administrative tribunal by a district court exercising judicial review. We reject such a rule as overbroad and believe their reliance on *Salmon v. Department of Public Health* to support this conclusion is misplaced. 788 A.2d 1199 (Conn. 2002). First, we find no support in *Salmon* for the proposition that the right to an ineffective-assistance-of-counsel argument exists in civil cases. Second, although the *Salmon* court concluded that attorney incompetence can support a finding that good reasons exist for the failure

NRS 233B.131(2) fails to sufficiently account for the more flexible and informal nature of administrative proceedings, I respectfully dissent.

Administrative forums in Nevada permit greater flexibility than proceedings taking place in courts of law. *See Minton v. Board of Medical Examiners*, 110 Nev. 1060, 1082, 881 P.2d 1339, 1354 (1994). We have recently noted, for instance, that there is not a state or federal constitutional right to prehearing discovery in administrative hearings and that the Nevada Rules of Civil Procedure do not apply to administrative proceedings. *Dutchess Bus. Servs. v. State, Bd. of Pharm.*, 124 Nev. 701, 713, 191 P.3d 1159, 1167 (2008). Nevada is hardly alone in this approach to administrative proceedings. *See, e.g., Arkansas Dept. of Human Services v. A.B.*, 286 S.W.3d 712, 717 (Ark. 2008) (explaining that specialization, experience, and more informal procedures allow agencies to better resolve certain disputes than courts of law); *Foley v. Metropolitan Sanitary Dist.*, 572 N.E.2d 978, 984 (Ill. App. Ct. 1991) (noting that "[a]dministrative procedure is simpler, less formal and less technical than judicial procedure"); *Highland Town Sch. v. Review Bd. IN Dept.*, 892 N.E.2d 652, 656 (Ind. Ct. App. 2008) (explaining that proceedings before an administrative law judge are more informal than proceedings in a court of law and noting that proper person litigants are given greater leeway in administrative proceedings); *Stone v. Errecart*, 675 A.2d 1322, 1325-26 (Vt. 1996) (noting the more informal nature of administrative agencies); *Nelson County Schools v. Woodson*, 613 S.E.2d 480, 483 (Va. Ct. App. 2005) (stating that "rigid[,] technical rules of pleading" are unnecessary in the administrative context so long as substantial rights are protected (quotation and citation omitted)). Important reasons exist for not gradually layering administrative agencies with the formalities that accompany courts of law. For example, the adversarial nature of administrative proceedings is often less pronounced than in courts of law and parties are not always represented by counsel. *See* Richard E. Levy & Sidney A. Shapiro, *Administrative Procedure and the Decline of the Trial*, 51 U. Kan. L. Rev. 473 (2003); Phyllis E. Bernard, *The Administrative Law Judge as a Bridge Between Law and Culture*, 23 J. Nat'l Ass'n Admin. L. Judges 1 (2003). Moreover, administrative agencies generally strive to provide a quicker, less expensive, and more accessible form of adjudication. Levy & Shapiro, *supra*, at 494-502; Bernard, *supra*, at 5-7, 18-19, 34. Thus, a more informal approach

---

to present evidence at an administrative hearing, justifying a remand to the agency for reconsideration with the additional evidence, unlike the present case, in *Salmon* a remand was warranted because the evidence was not available at the time of the hearing. *Id.* at 1219.

may make better use of an agency's particular expertise. Levy & Shapiro, *supra*, at 494-502; Bernard, *supra*, at 5-7, 18-19, 34.

Because of the more flexible nature of proceedings before administrative agencies, I believe that an equally flexible approach should be used to determine when "good reasons" exist for failure to present evidence at an administrative hearing. Here, it appears from the transcript of the November 8, 2005, administrative hearing that Garcia's attorney failed to present any medical evidence even though such evidence was available prior to the hearing. Even after the appeals officer gave Garcia's attorney additional time to present that evidence, the attorney failed to submit the evidence for consideration by the appeals officer. Therefore, Garcia's attorney's neglectful or negligent handling of this case has effectively denied Garcia her full day in court with a truly informed adjudication of her claim. The majority's interpretation of NRS 233B.131(2)'s broadly worded "good reasons" standard unnecessarily limits the statute's use as a potential remedy. All Garcia seeks is a determination of her claim based on medical evidence, which would have been presented at the administrative hearing but for the negligence of the attorney she relied on to represent her.

The use of a more flexible approach in such cases is supported by the Connecticut Supreme Court's decision in *Salmon v. Department of Public Health*, 788 A.2d 1199 (Conn. 2002). The *Salmon* court considered whether a party should have been allowed to introduce impeachment evidence not presented during an administrative proceeding due to the asserted incompetence of the appellant's attorney. *Id.* at 1219-21. In making this determination, the *Salmon* court addressed whether the failure to introduce such evidence, due to an attorney's alleged incompetence, constituted a good reason for failing to introduce the evidence at the administrative proceeding under Connecticut's version of NRS 233B.131(2).[1] The *Salmon* court noted that hearings before an administrative agency are unlike those before a court of law and are more flexible and informal. 788 A.2d at 1220. Relying in part on the more flexible nature of administrative proceedings, the *Salmon* court concluded that the incompetence of one's attorney can rep-

---

[1]The relevant Connecticut statute, Conn. Gen. Stat. § 4-183(h) (2007), provides:

[i]f, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

resent a good reason for failing to present evidence during an administrative proceeding. *Id.* at 1220-21.

In light of the more informal nature of administrative proceedings, I would adopt a rule, similar to the one set forth in *Salmon*, providing that the negligence or neglectfulness of one's attorney can constitute a good reason for failing to present evidence at an administrative hearing under NRS 233B.131(2). I would therefore conclude that the district court abused its discretion in determining that the negligence or neglectfulness of Garcia's attorney in representing her before the appeals officer did not constitute a good reason to remand this matter to the appeals officer for consideration of additional evidence. As a result, I would reverse the district court's decision with instructions to remand the matter to the appeals officer for reconsideration with the additional evidence Garcia seeks to present.