An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRADLEY SMITH,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION
AND RENEE OLSON, IN HER
CAPACITY AS ADMINISTRATOR OF
THE EMPLOYMENT SECURITY
DIVISION; AND KATIE JOHNSON, IN
HER CAPACITY AS CHAIRPERSON OF
THE EMPLOYMENT SECURITY
DIVISION BOARD OF REVIEW,
Respondents.

No. 65315

FILED

MAY 20 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant Bradley Smith challenges the appeals referee's decision, upheld by the Board of Review, which found that he had not demonstrated good cause for voluntarily resigning from his employment so as to allow him to receive unemployment benefits. Appellant asserts that the appeals referee's decision was arbitrary and capricious because it was not made upon the totality of the evidence, and that the district court violated his due process rights when it denied his petition for judicial review.

Having considered appellant's pro se appeal statement and the record on appeal, we conclude that substantial evidence supports the appeals referee's determination that appellant did not demonstrate that he had resigned from his position for good cause. *See* NRS 612.380(1)

15-15467

(explaining that a person is ineligible for unemployment benefits when he or she voluntarily left employment without good cause); *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996) (noting that mixed questions of law and fact are entitled to deference and the agency's conclusions will not be disturbed by this court if they are supported by substantial evidence). Although harassment by fellow employees can constitute good cause for voluntarily quitting a job if the claimant informed his employer of the harassment and gave his employer an opportunity to understand the nature of his objection before resigning, *see Mercy Hosp. of Pittsburgh v. Unemployment Comp. Bd. of Review*, 654 A.2d 264, 266 (Pa. Commw. Ct. 1995), unsubstantiated complaints do not constitute good cause for voluntarily quitting a job for unemployment benefits purposes, *see In re Jones*, 602 N.Y.S.2d 442, 443 (N.Y. App. Div. 1993).

Here, the appeals referee had to weigh the evidence presented to her, including the parties' testimonies and the documentary evidence submitted, and consider whether appellant had resigned for good cause. She found that appellant "perceived he was being harassed," that he knew he was not in jeopardy of losing his job, and that he did not make an internal complaint with the human resources department so as to reasonably attempt to preserve his employment before resigning. While the administrative record contains evidence of a dispute between appellant and his employer, there is no evidence, aside from appellant's testimony, of harassment or abuse by his fellow employees or employer. As this court will not reweigh the evidence or replace the appeals referee's judgment as between two reasonable but conflicting views, *see* NRS 233B.135; *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263,

1269-70, 197 P.3d 1061, 1066 (2008) (explaining that this court will not reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact), and substantial evidence supports the appeals referee's determinations, *see Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of certain evidence), we conclude that the Board of Review's decision to affirm the appeals referee's ruling was not arbitrary or capricious. *See* NRS 233B.135(3)(f); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). Accordingly, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Adriana Escobar, District Judge
     Bradley Smith
     State of Nevada/DETR
     Eighth District Court Clerk

[1]We have considered appellant's other arguments and conclude they lack merit. *See* NRS 233B.135(1) (explaining that judicial review is confined to the administrative record); *Garcia v. Scolari's Food & Drug*, 125 Nev. 48, 52-53, 200 P.3d 514, 517 (2009) (setting forth the district court's standard for presenting evidence not part of the administrative record).