# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM DALLMAN, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF MOTOR VEHICLES,<br>Respondent. | No. 70811<br><br>FILED<br><br>MAY 25 2017 |

FILED

MAY 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting in part and denying in part a petition for judicial review of a Nevada Department of Motor Vehicles (DMV) decision. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

In 2014, appellant William Dallman, Jr. applied for a vehicle salesperson's license with the DMV. As part of the application process, Dallman disclosed that he was convicted in Arizona in 2004 for theft of means of transportation, a class 3 felony. Dallman also disclosed that he was convicted in Nevada in 2008 of attempted forgery, a category E felony/gross misdemeanor. The DMV denied the application based on Dallman's felony and gross misdemeanor criminal convictions and the DMV's determination that granting Dallman a license was not in the best interests of the public. Dallman requested a hearing to contest the denial and was granted a hearing before an administrative law judge (ALJ). The ALJ upheld the DMV's decision, and Dallman petitioned the district court for judicial review of the ALJ's decision. The district court denied in part

17-17617

and granted in part the petition for judicial review. Dallman appeals the district court's denial of his petition.[1]

On appeal, Dallman argues that he has a constitutional liberty interest in his pursuit of becoming a vehicle salesperson under the 14th Amendment to the federal Constitution, and that the DMV denied him due process of law in denying his license application. Dallman also argues that the DMV arbitrarily and capriciously denied his application for a vehicle salesperson's license because it based its decision solely on the criminal convictions and did not consider evidence of Dallman's good character or rehabilitation.

*Dallman was afforded due process*

"Although the liberty component of the 14th Amendment's Due Process Clause includes some generalized right to choose one's field of private employment, this right is subject to reasonable government regulation and is a protected interest subject to rational basis review." 16A Am. Jur. 2d *Constitutional Law* § 617 (2009) (footnote omitted). The United States Supreme Court has recognized that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) (internal quotation marks omitted); *see also Charry v. Hall,* 709 F.2d 139, 145 (2nd

---

[1]In its decision, the ALJ "den[ied] all future requests for hearings for denied salesperson's license applications." The district court granted Dallman's petition for judicial review as to this portion of the ALJ's decision, finding that the ALJ "erred as a matter of law with respect to his finding and conclusion that all future requests for hearings regarding salespersons license applications should be denied because it is contrary to the plain language of the statute entitling applicants to petition for a hearing." This portion of the district court's order is not challenged on appeal, and we thus do not address it here.

Cir. 1983). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews,* 424 U.S. at 333 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)). We conclude that the processes afforded Dallman met these constitutional requirements.

Pursuant to NRS 482.362(4)(b)-(c), the DMV has the discretion to deny a license application if the applicant has been convicted of a felony or a gross misdemeanor. Consistent with NRS 482.353(1), the DMV notified Dallman that it was denying his application because (1) Dallman was convicted of a felony, (2) Dallman was convicted of a gross misdemeanor, and (3) it was not in the best interests of the public to issue Dallman a license. Pursuant to NRS 482.353(1), Dallman had 30 days after receiving notice of the denial of his application to petition for a hearing.

Dallman timely requested and was granted a hearing before an ALJ to contest the denial. At the hearing, Dallman produced evidence and witnesses in support of his position that he should be granted a vehicle salesperson license based on his rehabilitation. The ALJ considered the evidence, determined that the DMV appropriately denied Dallman's application, and issued his findings of fact and conclusions of law. Thus, Dallman's due process arguments are unpersuasive as he had a meaningful opportunity to be heard. *See Mathews,* 424 U.S. at 333.

*The ALJ's decision was not arbitrary or capricious*

Appellate review of administrative decisions is done in the same manner as in the district court. *Garcia v. Scolari's Food & Drug,* 125 Nev. 48, 56, 200 P.3d 514, 520 (2009). This court reviews questions of law de novo. *Id.* As to factual issues, neither this court nor the district

court are permitted to "substitute[e] their judgment for that of the agency," and our review is limited to determining whether the agency's decision is supported by substantial evidence. *Id.* Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *State, Dep't of Motor Vehicles & Pub. Safety v. Becksted*, 107 Nev. 456, 458 n.2, 813 P.2d 995, 996 n.2 (1991). "It is well established that when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001).

NRS 482.362(4) provides, in relevant part, as follows:

An application for a salesperson's license may be denied and a salesperson's license may be suspended or revoked upon the following grounds:

. . . .

    (b) Conviction of a felony.

    (c) Conviction of a gross misdemeanor.

. . . .

    (h) Any reason determined by the Director to be in the best interests of the public.

"[I]n statutes, 'may' is permissive . . . unless the statute demands a different construction to carry out the clear intent of the [L]egislature." *State of Nev. Emps.' Ass'n, Inc. v. Daines*, 108 Nev. 15, 19, 824 P.2d 276, 278 (1992). The use of the word "may" in NRS 482.362(4) makes clear that it is within the DMV's discretion to deny a salesperson's application for any one of the reasons identified in that statute, including those found to be in the public's best interests. And we will not substitute our judgment for that of the ALJ as to the weight of the evidence. *See* NRS 233B.135(3)

("The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact.").

The ALJ determined that the DMV properly denied Dallman's application under NRS 482.362(4)(b), (c), and (h), and there is substantial evidence in the record to support the ALJ's conclusions. Therefore, we conclude that the ALJ's decision was not arbitrary or capricious, and the district court did not abuse its discretion in denying Dallman's petition for judicial review. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Lynne K. Simons, District Judge
        Margaret M. Crowley, Settlement Judge
        Rusby Clark, PLLC
        Attorney General/Carson City
        Attorney General/Dep't of Public Safety/Carson City
        Washoe District Court Clerk