# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH WATSON,
Appellant,
vs.
HELMSMAN MANAGEMENT
SERVICES; AND THE STATE OF
NEVADA DIVISION OF INDUSTRIAL
RELATIONS,
Respondents.

No. 75211

FILED

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.[1]

Appellant Kenneth Watson injured his shoulder while working at Home Depot. He filed a complaint with the Nevada Division of Industrial Relations (NDIR), asserting that respondent, as Home Depot's workers' compensation administrator, failed to comply with the Nevada Industrial Insurance Act (NIIA) in processing his claim and offering a permanent partial disability (PPD) award. Watson asked for the imposition of maximum fines to ensure respondent's compliance with the NIIA. Although

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-26032

the NDIR asked respondent to file a response to the complaint, respondent did not do so. The NDIR reviewed the documentary evidence and determined that respondent failed to (1) timely schedule the PPD rating, (2) timely provide the rating physician with the claims file, and (3) timely offer Watson an award. The NDIR imposed administrative fines based on these failures but declined to impose a benefit penalty because an "intentional violation was not found."

Watson appealed. Although the appeals officer ordered the parties to exchange and file documentary evidence, statements, and points and authorities supporting their positions, respondent did not file any documents or exchange information. Following a hearing, at which respondent did not appear, the appeals officer reversed the benefit penalty determination, finding that respondent intentionally failed to comply with NIIA procedures. Respondent petitioned for judicial review and the district court granted the petition, concluding there was no evidence that respondent intended to violate the NIIA. Watson appeals.

Having considered the parties' arguments and the record, we conclude the appeals officer's finding that respondent's NIIA violations were intentional is supported by substantial evidence and his conclusion that Watson is entitled to a benefit penalty under NRS 616D.120(1)(i) is legally correct. NRS 233B.135(3)(e) and (f); *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (observing that this court reviews "an administrative agency's factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not

supported by substantial evidence" and that no deference is given to the district court's decision on a judicial review petition (internal quotation marks omitted)). With respect to scheduling Watson's PPD rating and offering him a PPD award, the record supports the appeals officer's finding that respondent failed to comply with NRS 616C.490(2) (requiring insurer to schedule a PPD evaluation within 30 days after receiving a physician's report) and NRS 616C.490(6) (requiring insurer to notify the employee of the amount of compensation to which he is entitled within 14 days of receiving the PPD evaluation). The record likewise supports the appeals officer's finding that respondent violated NAC 616C.103 by failing to timely provide the rating physician with the claim file.

With regard to those violations being intentional, the appeals officer found that respondent acted with purpose and design or otherwise to delay processing Watson's claim and that respondent believed that its failure to implement proper claims procedures would lead to violations of the NIIA that were substantially certain to cause hardship to Watson and others. Although respondent argues that there was no evidence showing that its conduct was intentional,[2] substantial evidence in the record supports the appeals officer's findings that respondent repeatedly failed to

---

[2]Respondent relies in part on *Conway v Circus Circus Casinos, Inc.*, 116 Nev. 870, 8 P.3d 837 (2000), in arguing that the evidence does not support that its conduct was intentional, but *Conway* is inapposite because it concerned employees suing in district court to recover damages on a common law tort theory to avoid the NIIA's exclusive remedy provision. Here, the NIIA authorizes the benefit penalty Watson seeks in the context of his workers' compensation claim.

follow statutory and regulatory procedures in processing Watson's claim, and did not correct such failures despite correspondence from Watson seeking compliance with these procedures.[3] Additionally, as the appeals officer found, respondent did not address those failures until Watson requested hearings or filed a complaint with the NDIR. *See* NAC 616D.405(1) (providing that an insurer commits an "intentional violation" of the NIIA if it "acts with purpose or design, otherwise acts to cause the consequences, desires to cause the consequences or believes that the consequences are substantially certain to result from the violation"). Based on those findings, the appeals officer properly concluded that Watson is entitled to a benefit penalty. NRS 616D.120(1)(i) and (3) (authorizing

---

[3]We perceive no abuse of discretion in the appeals officer's decision denying respondent's reconsideration motion. *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). We also are not persuaded by respondent's argument that it was an arbitrary and capricious abuse of discretion for the appeals officer to hold the hearing in respondent's absence. Respondent failed to participate in the NDIR or appeal proceedings in any way despite having notice and being asked or ordered to file responses, and despite knowing that Watson was seeking a benefit penalty. *Cf. Garcia v. Scolari's Food & Drug*, 125 Nev. 48, 57, 200 P.3d 514, 520 (2009) (observing that good reasons do not exist for reconsideration of an administrative matter when a party "decides not to present available evidence during the course of the administrative proceeding" and instead waits until it is faced with an adverse decision).

imposition of a benefit penalty when the insurer intentionally fails to comply with any provision of, or regulation adopted pursuant to, the NIIA). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_Pickering_ , J.
Pickering

_Parraguirre_ , J.
Parraguirre

_Cadish_ , J.
Cadish

cc:  Chief Judge, Eighth Judicial District Court
Carolyn Worrell, Settlement Judge
Law Offices of James J. Ream
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Dept of Business and Industry/Div of Industrial Relations/Henderson
Eighth District Court Clerk

---

[4]To the extent the parties' briefs include arguments about the extent or amount of the benefit penalty, including whether evidence showing that the NDIR imposed benefit penalties against respondent's parent company in two earlier matters may factor into the calculation here, we decline to consider those arguments in the first instance. In reversing the NDIR's decision, the appeals officer left that issue for the NDIR to determine on remand. Although respondent asserts that evidence showing that the NDIR had assessed benefit penalties against respondent's parent company is not properly included in the record, respondent did not dispute that the evidence was proper for consideration in the NDIR or appeal proceedings.