# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
DEPARTMENT OF CORRECTIONS,
Appellant,
vs.
TAHAM CRISTILLI,
Respondent.

No. 77955

FILED

JUL 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a petition for judicial review in an employment matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

On appeal from such orders, we review the administrative decision in the same manner as the district court to determine whether the decision is "clearly erroneous, arbitrary or capricious, or affected by an error of law." *State, Dep't of Corr. v. Ludwick*, 135 Nev. 99, 101, 440 P.3d 43, 45 (2019) (citing NRS 233B.135(3)). Under the arbitrary and capricious standard, we defer to the hearing officer's conclusions of law that are closely related to the hearing officer's views of facts, but decide purely legal questions de novo. *O'Keefe v. State, Dep't of Motor Vehicles*, 134 Nev. 752, 755, 431 P.3d 350, 353 (2018). Applying this standard, we affirm.[1]

Respondent Taham Cristilli was a corrections officer employed by appellant the State of Nevada, Department of Corrections (NDOC).

---

[1]We reject appellant's argument that the district court erred in granting judicial review by not applying the three-part test established in *O'Keefe*, 134 Nev. at 759-60, 431 P.3d at 356. In accordance with the first part of *O'Keefe*, the district court concluded that appellant failed to prove a violation and therefore did not need to reach the second or third parts of the test. *See id.* ("First, the hearing officer reviews de novo whether the employee in fact committed the alleged violation.").

20-26999

While employed, respondent was arrested for felony battery constituting domestic violence by strangulation related to an off-duty incident involving his adult son. He was charged with misdemeanor domestic battery and pleaded nolo contendere to the charge, but his conviction was later reduced to misdemeanor disorderly conduct.

After respondent's arrest and plea, appellant conducted a personnel investigation and internally charged respondent with violations of (1) NAC 284.650(1), for "[a]ctivity [that] is incompatible with an employee's conditions of employment"; (2) NAC 284.650(2), for "[d]isgraceful personal conduct [that] impairs the performance of a job or causes discredit to the agency"; (3) Administrative Regulation (AR) 339.07.05(C), which designates criminal misconduct, including a no contest plea, as a "CLASS 4" offense; and (4) AR 339.07.18(R), which designates any on- or off-duty conduct that reflects negatively upon the image of NDOC as a "CLASS 1-5" offense. Under AR 339's chart of disciplinary sanctions, the minimum sanction for a first class 4 offense was suspension or demotion, and the maximum sanction was dismissal. The minimum and maximum sanction for a first class 5 offense was dismissal. Appellant conducted a predisciplinary hearing, concluded that respondent's arrest and plea violated AR 339.07.05(C) and AR 339.07.18(R), and subsequently terminated respondent's employment.

Respondent appealed the agency's termination decision to an administrative hearing officer, who upheld the termination. The hearing officer's decision did not consider whether respondent violated NAC 284.650. Rather, the hearing officer cited to AR 339.07.05(C) and AR 339.07.18(R), determined that AR 339 was valid and applicable, and concluded that AR 339.06.04 permitted dismissal for grave acts of misconduct without any previous corrective action.

Respondent petitioned the district court for judicial review. The district court granted the petition and reversed respondent's termination, concluding that NDOC failed to prove that respondent violated NAC 284.650 and that the AR 339 violations, standing alone, could not support the imposition of discipline.

On appeal, appellant argues that the district court erred because substantial evidence demonstrates that respondent violated NAC 284.650(1) and (2). We conclude that appellant failed to allege that respondent violated NAC 284.650(1) and (2) before the hearing officer and therefore waived this argument.[2] *See State ex rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) (concluding that a party is limited to the arguments made before the agency and cannot raise new arguments for the first time on judicial review); *see also Garcia v. Scolari's Food & Drug*, 125 Nev. 48, 57, 200 P.3d 514, 520 (2009) (concluding that a good reason does not exist to consider evidence presented for the first time on reconsideration "when a party's attorney deliberately or negligently decides not to present available evidence during the course of the administrative proceeding").

Before the hearing officer, appellant only alleged violations of AR 339.07.05(C) and AR 339.07.18(R). Discipline cannot rest on these bases alone. In *Ludwick*, we held that because the State Personnel Commission never approved AR 339 as required under NAC 284.742(1) and NRS 284.383(3), such regulations are "invalid and of no legal effect for purposes

---

[2]The record demonstrates that while appellant alleged violations of NAC 284.650(1) and (2) in its initial internal charges, its predisciplinary hearing only found violations of AR 339.07.05(C) and AR 339.07.18(R). Furthermore, appellant's statement of the case to the hearing officer alleged violations of AR 339.07.05(C) and AR 339.07.18(R) and did not address NAC 284.650(1) and (2).

of employee discipline." 135 Nev. at 103, 440 P.3d at 47. Accordingly, the hearing officer committed clear error by relying solely on the provisions of AR 339, which was still unapproved by the State Personnel Commission at the time, in affirming respondent's termination. *See Ludwick*, 135 Nev. at 104-05, 440 P.3d at 47-48 (concluding that the hearing officer committed clear error of law because it relied on AR 339 for disciplinary purposes even after finding AR 339 invalid). The district court therefore properly granted respondent's petition for judicial review.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Mark R. Denton, District Judge
      Ara H. Shirinian, Settlement Judge
      Attorney General/Carson City
      Attorney General/Las Vegas
      Law Office of Daniel Marks
      Eighth District Court Clerk

---

[3]Because we affirm on the basis of the hearing officer's improper reliance on AR 339 and appellant's waiver of its NAC 284.650 claims, we need not address the parties' arguments regarding whether a violation of NAC 284.650(1), (2), (13), or (21) occurred, or whether appellant could discipline an employee for off-duty conduct.